SARAH A. SAWYER, Administratrix,

*vs.*

JARVIS C. PERRY, and others.

Knox.     Opinion May 28, 1895.

*Negligence.   Death.   Pleadings.   Stat. 1891, c. 124.*

The remedies provided by Stat. 1891, c. 124, entitled, " An Act to give a right of action for injuries causing death," are limited to cases where the person injured dies immediately.

*Held*; that the legislature intended by this act to extend the means of redress to a class of cases where none existed before; and not to give two actions for a single injury,—one for the benefit of the decedent's estate and another for the benefit of his widow and children or next of kin.

In an action to recover damages for negligently causing the death of a person, the declaration averred that the decedent lived about an hour, and in its original form was simply a common-law action based on the alleged negligence of the defendant.   The writ was amended by an allegation that the action was brought for the benefit of the widow of the deceased.   *Held;* that the amendment changed the character of the action, and was, therefore, demurrable.

In its original form, the damages, if any are recovered, will belong to the estate of the deceased.   In its amended form they will belong to the widow; and the amendment changes the rule by which the damages are to be assessed.

While other courts, and some writers of text books have used indiscriminately the word instantaneous and immediate, they do not, in this class of cases, mean precisely the same thing.   An instantaneous death is an immediate death; but an immediate death is not necessarily and in all cases an instantaneous death.

ON EXCEPTIONS.

This was an action upon the case to recover damages alleged to have been sustained by reason of the negligence of the defendants, and resulting in the death of Ralph S. Sawyer, the plaintiff's intestate.

The plaintiff moved to amend her declaration by inserting near the close thereof the words, " this action is brought for the benefit of said Sarah A. Sawyer, widow of said intestate, said intestate having died without children," and also the words " and as the person for whose benefit this action is brought," which amendment was allowed by the presiding justice, against the objection of the defendants, and was thereupon made.

To the declaration so amended the defendants then filed a general demurrer, which was duly joined, all of which was during the return term of said action. The presiding justice sustained the demurrer so filed to the amended declaration and the plaintiff thereupon seasonably excepted to the ruling sustaining the demurrer as aforesaid.

It was stipulated by the parties that if the plaintiff's exceptions should be overruled by the law court and the plaintiff shall thereupon desire to again amend her declaration by striking out the amendment which was allowed by the presiding justice as aforesaid, the plaintiff should have the right to do so without the payment of costs.

The declaration, as amended, was based upon the following statute :

### Chapter 124, Laws of 1891.

"An Act to give a right of action for injuries causing death."

"Section 1.   Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as shall amount to a felony.

"Section 2.   Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of his widow, if no children, and of the children, if no widow, and if both, then to her and them equally, and, if neither, of his heirs.   The jury may give such damages as they shall deem a fair and just compensation, not exceeding five thousand dollars, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought, provided, that such action shall be commenced within two years after the death of such person."

*True P. Pierce*, for plaintiff.

*A. A. Strout, C. A. Hight, and J. W. Symonds*, for defendants.

Counsel argued : The statute of 1891 should be construed in accordance with existing rulings of our court, to apply only to cases of instant death ; and as it appears in the declaration in this case that Sawyer lived after the injury and acquired a common-law right of action, which has survived to his administratrix, we say that the case is not one which may be maintained under the 1891 statute ; and as this declaration is also bad at common law, we contend that the exceptions should be overruled and the demurrer sustained.

There was no real defect in the common-law action, which survived. So far as that action went it was well enough. It gave a substantial remedy in nearly every case to which it applied. The real defects, which required new legislation, were defects in the remedy provided for cases which were not covered by the survival statute. In other words, the indictment remedy for cases of instant death was the defective spot in the existing body of law. In the first place, this indictment statute, giving a remedy in cases of instant death, was defective in that it restricted the remedy to cases where the wrong was done, either by a transportation company, or by its servants. There was need of a general remedy against all wrong-doers. With the growth of manufacturing interests a remedy for instant death had become fully as necessary in factory cases as in railroad cases. There was no reason why the remedy should not be against all wrong-doers. In the second place, the indictment statute had been so construed as to allow no remedy whatever to employees in cases of instant death resulting from the master's negligence, even though the master was a railroad or common carrier. *State* v. *M. C. R. R.* 60 Maine, 490. There was need of new legislation to cure this defect. There was no reason why the master should not be liable, in cases of instant death, as he was liable in cases where the death was not instantaneous. In the third place, the remedy by the indictment process was

exceedingly inconvenient in form, and it was different in form from what it was in substance ; being in form a criminal action, while in substance it was really a civil proceeding. *State* v. *Grand Trunk R. R.* 58 Maine, 182. There was need of new legislation to do away with such inconvenience, and to give a remedy by civil action.

The law of 1891 cures these defects as if it were especially aimed at them. It gives a general civil remedy against all wrong-doers and in favor of all persons who have been wronged, no matter whether the person was an employee of the wrong-doer or not. The old defect of having an inconvenient form of remedy is also cured, the statute providing a general civil remedy in as convenient a form as possible.

It seems to be perfectly clear that what the legislature did in forming this act of 1891 was to look at the body of law previously existing, to note the defects in our indictment process to recover for instant death, and to work this indictment process over into a civil action of a more general nature. They found a general form for their new statute in Lord Campbell's Act, which had been adopted by many states in this country ; they did not, however, adopt this statute and lose sight of the indictment statute entirely, but in naming the persons for whose benefit the action was to be brought, they followed the wording of the old indictment statute. They also fixed the maximum amount that could be recovered in the action at five thousand dollars, taking this amount evidently from the old indictment statute, thus showing conclusively that the new law was merely a reconstruction of the old for the purpose of covering defects ; and if the legislature were merely working over the old law, it is hardly reasonable to presume that they lost sight of the rulings of the court, which declared that it would be absurd to apply the old law to any cases other than those of instant death, and it is fair to presume that, if they intended to do away with these old rulings, they would have expressed the intention to that effect explicitly in the new statute which they did not do.

SITTING : WALTON, EMERY, HASKELL, WISWELL, STROUT, JJ.

WALTON, J. This is an action to recover damages for negligently causing the death of a person. The declaration alleges that Ralph S. Sawyer, while at work in the defendants' lime quarry, was killed by a stone which was negligently allowed to fall upon him.

The declaration avers that the decedent survived his injuries about an hour; and the suit, in its original form, was simply a common-law action, based on the alleged negligence of the defendants. But, by leave of court, the writ has been amended by inserting an allegation that the action is brought for the benefit of the widow of the deceased. This was an important amendment. It changed the character of the action. In its original form, the damages, if any had been recovered, would have belonged to the estate of the deceased. In its present form, the damages, if any are recovered, will belong to the widow of the deceased; and the amendment changes the rule by which the damages are to be assessed. The amendment, therefore, was important, and not a mere matter of form.

To this amended declaration, the defendants demurred. The object of the demurrer appears to have been to obtain a construction of the statute of 1891, c. 124, entitled, "An Act to give a right of action for injuries causing death."

The question argued is, whether the remedies provided by this statute (Act 1891, c. 124,) must not be limited to cases where the persons injured die immediately. It is the opinion of the court that they must. A similar statute has been so construed, and no reason is perceived why this statute should not receive the same construction.

In *State* v. *Maine Central Railroad*, 60 Maine, 490, the court held that a statute giving a right of action by indictment against railroad corporations for negligently causing the death of a person, and declaring that the amount recovered should be for the benefit of the widow and children of the decedent, must be limited in its application to cases of immediate death; and this decision was affirmed in *State* v. *Grand Trunk Railway*, 61 Maine, 114.

The court could not believe that the legislature intended to give two remedies for a single injury. It had become settled

law in this State that if a person was injured through the negligence of another person, or a corporation, and afterwards died of his injuries, redress could be obtained by his personal representative. But it had been held in Massachusetts (and the law was assumed to be the same in this State) that if the person injured died immediately, no redress could be had. And it was believed that it was the intention of the legislature to remedy this defect. Not to give a new right of action, where ample means of redress already existed; but to supplement the existing law, and give a new right of action in a class of cases where no means of redress before existed. And it was believed that full effect would be given to the legislative intention by limiting the new right of action to cases where the persons injured died immediately.

So, in this case, we can not believe that the legislature intended by the act of 1891, c. 124, to give two actions for a single injury,— one for the benefit of the decedent's estate, and another for the benefit of his widow and children or next of kin. We think the legislative intention was to extend means of redress to a class of cases where none before existed. This class of cases was still large. There still existed a large class of cases in which redress for injuries resulting in immediate death could not be had. And we can not resist the conviction that it was the intention of the legislature to provide means of redress for this class of cases, and not to duplicate the wrong-doer's liability, and subject him to two actions for a single injury. Previous statutes of a similar character having been so interpreted, we can not resist the conviction that the legislature expected and intended that this statute should receive the same interpretation. Our conclusion, therefore, is that the Act of 1891, c. 124, applies only to cases in which the persons injured die immediately.

We do not say that the death must be instantaneous. We have never so held. Very few injuries cause instantaneous death. Instantaneous means done or occurring in an instant, or without any perceptible duration of time; as the passage of electricity appears to be instantaneous. It is so defined in Webster's Inter-

national Dictionary. And when we say that the death must be immediate, we do not mean to say that it must follow the injury within a period of time too brief to be perceptible. If an injury severs some of the principal blood-vessels, and causes the person injured to bleed to death, we think his death may be regarded as immediate though not instantaneous. If a blow upon the head produces unconsciousness, and renders the person injured incapable of intelligent thought or speech or action, and he so remains for several minutes, and then dies, we think his death may very properly be considered as immediate, though not instantaneous. Such a discrimination may be regarded by some as excessively exact or nice, and therefore hypercritical. But, in stating legal propositions, it is impossible to be too exact; and while other courts, and some writers of text books, have used indiscriminately the words instantaneous and immediate, and the adverbs instantaneously and immediately, we have not regarded them, in this class of cases, as meaning precisely the same thing, and have preferred to use the words immediate and immediately, as being more comprehensive and elastic in their meaning, than the words instantaneous and instantaneously, and better calculated to convey the idea which we wish to express. Of course, an instantaneous death is an immediate death; but we have not supposed that an immediate death is necessarily and in all cases an instantaneous death.

Read in the light of history,— that is, taking into account the then existing state of the law in this State, and the defects supposed to exist, and the presumed desire to remedy those defects, and not to change or alter the law in particulars where no change was needed,— our conclusion is that the statute of 1891, c. 124, entitled, "An Act to give a right of action for injuries causing death," was intended by the legislature to apply to cases where the persons injured die immediately. It not being averred in the plaintiff's declaration that her husband died immediately, but, on the contrary, it being therein averred that he survived about an hour, we think the declaration describes only a common-law right of action, in which the damages, if any are recovered, must be for the benefit of the decedent's estate generally,

and not for the exclusive benefit of his widow; and that, in its
amended form, (declaring that the action was brought for the
exclusive benefit of the widow of the deceased,) it was demur-
rable, and that the demurrer was rightfully sustained.   Conse-
quently, the exceptions must be overruled.   But, as stipulated
in the bill of exceptions, the plaintiff may again amend her writ
by restoring it to its original form, without the payment of costs,
and the defendants may plead anew.

*Exceptions overruled.*