## FARRINGTON v. STODDARD.

District Court, D. Maine, S. D.
Jan. 30, 1940.

Berman & Berman and Edward S. Anthoine, all of Portland, Me., for plaintiff.

Bernstein & Bernstein, of Portland, Me., for defendant.

PETERS, District Judge.

By stipulation of the parties this action to recover damages, wholly caused by the admitted negligence of the defendant's agent while driving an automobile on a highway in Maine, was heard by the Court on an agreed statement of facts.

The writ in the action, which was removed from the State Court on the ground of diversity of citizenship, claims indemnity for medical and hospital expenses and destruction of a mowing-machine in which the deceased was riding at the time of the accident; and also asks substantial damages for depriving the deceased of the opportunity of living out his life expectancy and enjoying the "amenities and pleasures of

living" during what should have been a considerable period.

The same plaintiff, in the same capacity as executrix,—but for the benefit of herself as widow,—on the same state of facts, previously brought an action in this court against the same defendant under the so-called death statute of Maine, and recovered judgment for $7,554, which has been satisfied.

The defendant in his answer sets up the former suit and judgment and in substance says that the plaintiff· can have but one recovery for the injury, also maintaining that "the plaintiff cannot legally recover for tortious deprivation ·of the enjoyment of life and the amenities thereof of the plaintiff's testator", and moving that the action be dismissed.

The present action was brought under the Maine survival statute, being Section 8 of Chapter 101 of the Revised Statutes; and the former action, in which judgment was recovered, was brought under Sections 9 and 10 of the same chapter, being Chapter 124 of the Public Laws of 1891, as amended.

The question whether the personal representative of· one who dies in consequence of being injured by the negligence of another can recover damages from him for depriving the deceased of the supposed pleasure of living out his life expectancy,—in addition to the usual damages resulting from personal injuries, such as medical expenses, physical and mental suffering, loss of earnings, etc.,—has never been decided in this State. Such a doctrine is strange to the courts of this country, although, through the learning and research of counsel, I have been put in possession of decisions from which it appears that such a theory has lately prevailed in England. Flint v. Lovell, [1935] 1 K.B. 354; Roach v. Yates, [1938] 1 K.B. 256, 257; Rose v. Ford, [1937] A.C. 826, and other cases referred to by Professor Hannigan in his article in the Boston University Law Review of April, 1938, which he concludes by saying, "No American court has recognized that the wrongful destruction of the mere right of living may be· measured and should be compensated."

However, this novel and interesting question becomes academic if the plaintiff cannot maintain this suit for the reason advanced, that her remedies were exhausted when she recovered under her first suit,

and that question should be first considered. The answer must be found in the Statutes of Maine and the decisions of the Maine courts which control the rights of the parties. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Under the common law, in the case of a person who died from the effects of an injury negligently inflicted, there was no redress for the injury, unless the injured person brought suit and recovered judgment while alive. The cause of action, if not reduced to judgment, died with him. For the death, there was no right of action in the administrator or anyone else.

After the Maine survival statute was passed (as early as 1821), any right of action that the injured person had in his lifetime was made to survive his death and could be enforced by his personal representative. But there was no right of action at all if death was instantaneous and no substantial remedy if immediate unconsciousness continued till death; in which latter case, while there was a technical right of action, damages might be nominal and no damages were allowed for the death. Perkins v. Paper Co., 104 Me. 109, 71 A. 476.

To remedy this manifest injustice the Legislature passed the Act of 1891, c. 124, which the·Court construed to cover only cases where death was immediate, that is, either instantaneous or following a period of unconsciousness beginning with the injury. Sawyer v. Perry, 88 Me. 42, 33 A. 660; Perkins v. Paper Co., supra. Under this Act damages for death were allowed to be recovered by the personal representative for the benefit of members of the family of the deceased based on their pecuniary loss.

Was it the intention of the Legislature, by the·Act of 1891, to give a right of action for the death in addition to the existing one for the injury; so that, in a death case, there could be two actions brought by the personal representative, one for death, where the damages go to the family, and one for the results of injuries other than death, where the damages go to the estate of the deceased?

It seems very clear that under the Maine statutes and decisions the answer must be No. The survival statute modified the common law rule, but, under the decisions of the Maine courts, it did not go far enough to cover the disaster of death.

It was the purpose of the Act of 1891 to remedy that defect. The right of redress was extended in its scope, but no more than one recovery for one cause of action was contemplated.

The decision of the Supreme Judicial Court of Maine in Sawyer v. Perry, above referred to, makes this plain. The language of the opinion in that case, published in 1895, and followed ever since, is definite on this point [88 Me. 42, 33 A. 661]:

"The court could not believe that the legislature intended to give two remedies for a single injury. It had become settled law in this state that if a person was injured through the negligence of another person, or a corporation, and afterwards died of his injuries, redress could be obtained by his personal representative. But it had been held in Massachusetts (and the law was assumed to be the same in this state) that, if the person injured died immediately, no redress could be had. And it was believed that it was the intention of the legislature to remedy this defect,—not to give a new right of action where ample means of redress already existed, but to supplement the existing law, and give a new right of action in a class of cases where no means of redress before existed. And it was believed that full effect would be given to the legislative intention by limiting the new right of action to cases where the persons injured died immediately.

"So, in this case, we can not believe that the legislature intended by the act of 1891, c. 124, to give two actions for a single injury,—one for the benefit of the decedent's estate, and another for the benefit of his widow and children or next of kin. We think the legislative intention was to extend means of redress to a class of cases where none before existed. This class of cases was still large. There still existed a large class of cases in which redress for injuries resulting in immediate death could not be had. And we cannot resist the conviction that it was the intention of the legislature to provide means of redress for this class of cases, and not to duplicate the wrongdoer's liability, and subject him to two actions for a single injury."

See also Perkins v. Paper Co., supra; Ames v. Adams, 128 Me. 174, 146 A. 257.

In a very recent case in Maine, Pillsbury v. Kesslen Shoe Company, 7 A.2d 898, an action was brought to recover property damage caused by an automobile collision.

It appeared that the plaintiff had previously brought an action against the same defendant and recovered damages for personal injuries received in the accident. The Court held that the single collision which caused the damage to the person and the property was one cause of action; that there might be different elements of damage, but a suit brought for one item of damage precludes other suits for other items. See Mellon v. Goodyear, 277 U.S. 335, 345, 48 S.Ct. 541, 72 L.Ed. 906. The principle has some application here where there are different elements of damage but only one cause of action, i. e., the collision, where the rights of the parties originate.

A writer in the Harvard Law Review for April, 1931, who had made an examination of the laws of the several states in this connection, concludes that in Maine actions cannot be brought both under the death statute and the survival statute, using the following language: "Twenty-two States have not only wrongful death legislation but separate survival statutes as well. Unfortunately, however, it appears at the outset that by judicial decision about one-third of these jurisdictions do not permit actions to be brought under both statutes for the same act or omission." The case of Sawyer v. Perry is cited in the notes as putting Maine in the latter category.

An examination of the Maine Reports since 1891 discloses no case where actions have been brought under both statutes; not conclusive, but significant of the understanding of the bar on this point.

That the Court in its early decision correctly construed the intention of the Legislature not to authorize suits for one act or omission to be brought under both the survival statute and the death statute is evidenced by the acquiescence of the Legislature in that ruling for forty-five years and the fact that only recently, by c. 252 of the Laws of 1939, was legislative action taken to partly correct an apparent injustice by an amendment to the death statute which expressly authorizes the recovery of damages for "medical, surgical and hospital care and treatment" by the personal representative, for the benefit of the estate, in addition to damages for death, in a suit brought for the recovery of damages under the Act of 1891.

For reasons stated the action must be dismissed with costs for the defendant.