**Bill B. HARP, the surviving husband of Joy Opal Harp, deceased, Plaintiff,**

v.

**MONTGOMERY WARD & CO., a corporation, Defendant.**

Civ. No. 63–286.

United States District Court
D. Oregon.

Oct. 14, 1963.

Glenn D. Ramirez, Klamath Falls, Or., for plaintiff.

Wayne A. Williamson, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant.

KILKENNY, District Judge.

This cause is before the Court on the defendant's motion for a summary judgment. The action is for loss of consortium by the surviving husband in connection with the claimed wrongful death of his wife.

The record discloses that Mrs. Harp was electrocuted and that her death was instantaneous or practically so. The only evidence that she lived any period of time after the original electrical contact is contained in the Death Certificate where the Deputy Coroner certified that she may have lived "seconds" after the primary contact.

 The authorities seem to be in complete agreement that no cause of action arises for loss of consortium if the death is instantaneous, in that all rights are then merged in the death action. Walden v. Coleman, 105 Ga.App. 242, 124 S.E.2d 313; Lane v. Steiniger, 174 Iowa 317, 156 N.W. 375; Lampe v. Lagomarcino-Grupe Co., 251 Iowa 204, 100 N.W. 2d 1.

Although Oregon has not passed on the precise problem, its Supreme Court has held that recovery for loss of consortium is limited to those damages occurring between the time of the injury and the time of death. Elling v. Blake-McFall Co., 85 Or. 91, 166 P. 57.

Since the Oregon Supreme Court has held that the damages, in a consortium case, are limited to the period of time between injury and death, I have no doubt but that the Oregon Court would hold that no cause of action existed if the death was instantaneous.

The great weight of authority holds that death is instantaneous if it occurs within minutes after the event. Certainly, a death within seconds of the occurrence is instantaneous. West v. Detroit United Railway, 159 Mich. 269, 123 N.W. 1101, 1102; Lobenstein v. Whitehead and Kales Iron Works, 179 Mich. 279, 146 N.W. 293, 297; Sawyer v. Perry, 88 Me. 42, 33 A. 660.

Even though a cause of action existed, the permissible recovery would be so insignificant that the Court should apply the maxim *De Minimis Non Curat Lex*. In other words, the law does not concern itself with trifles, and this Court, having a jurisdictional minimum of $10,-000.00, should not be used as a tool to assist litigation on such an inconsequential claim.

The motion for summary judgment should be allowed.

It is so ordered.