NORAH KENNEDY, administratrix, *vs.* STANDARD SUGAR RE-
FINERY.

Suffolk.   Nov. 16, 1877. — July 24, 1878.   COLT & AMES, JJ., absent.

If a person falls from a platform twenty feet to the ground, becomes unconscious
on striking the ground, and remains so until his death, damages cannot, in an
action against the person who was bound to keep the platform in repair, and
through whose neglect in so doing the accident happened, be recovered for the
mental or other suffering endured during the fall.

TORT for personal injuries occasioned to the plaintiff's intestate, Daniel Kennedy, by the negligence of the defendant.   Answer, a general denial.

At the trial in this court, before *Soule,* J., it appeared that Kennedy was hired by a stevedore in the employ of the defendant, to discharge coal, and, on the day before the accident, had been engaged in wheeling coal; that on the morning of the accident, while walking across a platform, which had been constructed so that coal could be discharged from vessels alongside the defendant's premises into a large shed, and carrying one end of a plank to be used in discharging coal, the other end of which was carried by a man who preceded him, the flooring of a scuttle, which had been made in the platform for the purpose of filling the bins beneath, gave way, and Kennedy fell a distance of about twenty feet to the ground; that, in falling, he exclaimed that the plank had broken ; that, with this exception and a single low moan, he made no sound that was heard before he was taken up unconscious ; and that he died on the following day, having lived about thirty-six hours after the accident.   It did not appear that any bones were broken, but the opinion of the attending physician, who made him several visits, was that death was caused by a concussion of the spinal column.   The evidence was conflicting as to whether Kennedy regained consciousness before his death.

The defendant requested the judge to instruct the jury as follows : " If Kennedy was unconscious from the time of the accident to his death, the right of action did not survive, and the action cannot be maintained; but if the right of action survived, and he was unconscious from the time of the accident, only nominal damages can be recovered."

The judge refused so to rule, and, on the question of damages, instructed the jury as follows : " If the intestate lived after the accident, the right of action survived, even if he was unconscious from the time he struck the ground, but the damages will be limited to compensation for his mental sufferings and his physical suffering and loss. No damages can be recovered on account of his death. If the jury find that he was unconscious, then there was no suffering during such time as he was unconscious ; but, in estimating the amount of damage, the jury may include compensation for mental or other suffering endured by the intestate from the time he fell until he struck the ground."

The jury returned a verdict for the plaintiff for $1250 ; and the defendant alleged exceptions.

*R. M. Morse, Jr.*, for the defendant.

*J. A. Maxwell*, for the plaintiff.

MORTON, J. The plaintiff's intestate while at work upon a platform, by reason of a defect, for which the defendant is liable, fell a distance of about twenty feet to the ground. The evidence tended to show that he became unconscious immediately upon striking the ground, though there was conflicting evidence as to whether he regained consciousness before his death which occurred about thirty-six hours after the accident.

The instruction that the cause of action survived was correct. Even if the intestate became instantly insensible and so remained until his death, so that nothing could be recovered for any physical or mental suffering, yet the plaintiff might be able to show substantial damages in the expenses and loss incurred before death, by reason of the accident. *Bancroft* v. *Boston & Worcester Railroad,* 11 Allen, 34. The defendant now concedes the correctness of this instruction, and excepts only to the last clause, which it contends allowed the jury to find substantial damages for the mental suffering of the intestate from the time he fell until he struck the ground. The only question we have to consider is the correctness of this last instruction.

It may be true, as an abstract proposition of law, that if a man is precipitated from a height by the negligence of another, and is injured, he may recover, as one element of his damages, for any mental suffering he may prove he endured during his fall. But we think that the instruction, applied to the facts of this case, had a tendency to mislead the jury to the prejudice of the defendant.

The plaintiff was entitled to recover only such damages as she proved were sustained by her intestate. The burden of proof was upon her to show that the intestate endured mental suffering during the fall, before the jury could allow any damages on that account. But the evidence in the case showed that the intestate became unconscious upon striking the ground. The fall occupied but an instant of time. He could not furnish and did not furnish any proof as to his mental condition during the fall. Whether he suffered any mental terror or distress is purely a matter of conjecture. The plaintiff therefore could recover nothing on this account. But the instruction given naturally led the jury to suppose that they might give the plaintiff substantial damages for the mental suffering of the intestate during the fall.

The jury returned a verdict for the plaintiff for a considerable sum. It may be that the verdict was based upon a finding that the intestate regained his consciousness before his death, and thus was entitled to substantial damages for his bodily and mental sufferings. But it may be that the jury found that he remained unconscious until his death, and that they awarded substantial damages for his mental suffering during the fall and before he became unconscious.

**We** are therefore of opinion that there should be a new trial.

*Exceptions sustained.*