HENRY J. CONLEY, Admr.

*vs.*

PORTLAND GAS LIGHT COMPANY.

Cumberland.     Opinion March 18, 1902.

*Pleading.   Death by Wrongful Act.   Immediate Death.   Stat. 1891, c. 124. Mass: Pub. Stat. 1887, c. 24.*

1.  In an action by an administrator for negligently causing the death of his intestate, there was no averment in either count that the deceased died immediately; but in the first and second counts it is alleged that he died "within twenty minutes;" and in the third count that he "received injuries from which he thereafterwards died."

2.  In the first count it also affirmatively appeared by express averment that he "suffered much in body and mind," and in the second count it failed to appear, either by inference or direct averment, whether he became unconscious from his injuries or endured conscious suffering while he survived. There is therefore no substantial ground for distinguishing the declaration in this case from that in *Sawyer* v. *Perry*, 88 Maine. It is true that in this case the decedent survived his injuries only twenty minutes, while in that he lived about an hour. But the agonies of body and mind which "no word can speak" may in one case be suffered in twenty minutes, and much larger damages may be required as compensation in such a case than for the suffering of many hours or days from injuries of a different character.

3.  *Held;* that the plaintiff in this case claims in his declaration to recover compensation for the pecuniary injuries resulting to the widow and children from the death of the decedent; but describes only a cause of action at common law in which the damages recovered must be for the benefit of the estate generally, and not for the exclusive benefit of the widow and children.

4.  As construed by our court it is obvious that the statute of 1891 affords a right of action for "injuries causing death" substantially like that given to employees by the Employers' Liability Act in Massachusetts. The third section of that act gives a right of action "where an employee is instantly killed or dies without *conscious suffering.*"

5. Whether in the case at bar it might not reasonably be considered an immediate death within the meaning and purpose of our statute, if the decedent immediately became unconscious after his injury and remained in a comatose state for twenty minutes, or even for several hours or days until life became extinct, it is unnecessary here to determine.

*Sawyer* v. *Perry*, 88 Maine, 42, affirmed.

Exceptions by defendant. Sustained.

Action against the defendant company to recover damages for negligently causing the death of William John Cary, one of its employees. The declaration contained three counts, and the defendant demurred generally to the declaration and specially to each count. The presiding justice overruled the demurrers pro forma.

The case appears in the opinion.

Plaintiff's declaration was as follows : —

In a plea of the case, and the plaintiff says that on the eleventh day of August, A. D. 1900, at Portland, in said Cumberland county, the defendant, by its servants and agents, controlled and used a certain building on West Commercial street, in said Portland, for manufacturing and furnishing gas to its patrons, and that at the same time the said William John Carey, then alive, now deceased, was lawfully in and about said company's building on said West Commercial street as an employee and in the performance of his duties, and that on said eleventh day of August there was in and about said building a receptacle for gas and pipes extending around through the building through which said gas passed; that there was then and there great danger of the escape of gas from the gas pipes if they were defective or negligently kept, and that said gases, either alone or mixed with atmospheric air or ignited by fire, were dangerous explosives, all of which were known to the defendant or, in the exercise of due care, should have been known, that said defendant owed to the said William John Carey the duty of so conducting itself and doing and acting on the premises in carrying on its business that said William John Carey should not suffer injury or damage by reason of any negligence on the part of the defendant in allowing or permitting the accumulation of dangerous gases in and about the building not

properly retained and confined, and in failing to guard or inspect said pipes and tanks in which the gases were to be retained, and in failing to have, at all times, men ready and able to repair any break, defect or leak which might occur in said tank and pipes. And the defendant well knew, through its servants and agents, or in the exercise of due care, ought to have known, that said tanks, gas pipes and the connections attached to them and the means of receiving and disposing of the gases then and there manufactured were old, broken, rotten and improperly constructed and not suitably arranged for the purpose of carrying on the business with safety to employees and persons then and there rightfully in and about said building in the performance of their duties. That the defendant negligently failed to guard and keep in proper repair said pipes and tanks and negligently permitted the building to be filled with explosive gases, negligently suffered said pipes and tanks to remain out of repair, weak, defective and dangerous and negligently failed to inspect said pipes and tanks or properly keep them in serviceable condition and to keep a sufficient number of men properly instructed to guard against accident from explosion by the escape and accumulation of dangerous and explosive gases into said building and the accumulation thereof and permitting fire to be where the gases would be ignited by fire and to speedily repair any breaks, defects or leaks which might occur. That, by reason of said negligent acts and omissions and negligent condition of the defendant, its servants and agents as aforesaid, the said William John Carey, on the eleventh day of August, A. D. 1900, while rightfully in and about said building and in the exercise of due care, was severely injured and killed by the explosion of gases within said space and suffered much in body and mind and died within twenty minutes, from the result of the injuries then and there received. By reason of all which said defendant has become liable, by force of the statute in such case made and provided, to the plaintiff in his said capacity for such damages not exceeding five thousands dollars ($5,000.00), as will be a fair and just compensation for the pecuniary injuries resulting from the death of said William John Carey to Margaret Carey, widow, and Margaret Amelia Carey and Mabel Agnes Carey and William J. Carey, children of said William John Carey.

And the plaintiff avers that said damages amount to the sum of five thousand dollars ($5,000.00).

Also, for that the said William John Carey, at said Portland, on the eleventh day of August, A. D. 1900, then alive, was in the employ of the defendant in its gas works, so-called, on West Commercial street, in said Portland, in the exercise of due care, and rightfully in and about the building where said works were then and there in operation, and whereas the said defendant was then and there and for a long time prior thereto had been in the possession, use and control of said gas works and was then and there in the possession of said works, including the tanks, pipes, machinery and running gear of the same, and the defendant then and there, by its servants, had the government and control of said works and pipes, tanks and machinery; yet the defendant, not minding or regarding its duty in this behalf, did then and there and for a long time prior thereto negligently and wrongfully maintain the said gas works, machinery, pipes, tanks and other vessels used in and about said works in a dangerous condition in carrying on the defendant's business, and that by reason of the same, and without notice to the said William John Carey and without fault of the said William John Carey, and by the neglect of the defendant to guard the gases and avoid explosions and to have the pipes and tanks and other appliances and other things used in carrying on the business of the gas company thereat properly adjusted, that the said gases escaped and exploded and the said pipes were torn asunder and the said William John Carey was severely injured in his head, lacerated and cut in different parts of his person and other bodily injuries were sustained by him, and solely from such injuries, and from no other cause, said William John Carey died within a short time, to wit, within twenty minutes after said injuries were received. And the plaintiff avers that all the injuries and damages which then and there resulted to the said William John Carey resulted solely from the negligence and want of care of the said defendant, its servants and agents and that the said William John Carey was without fault in the premises and suffered death as aforesaid solely through the defendant's negligence. By reason of all of which the defendant has become liable by force of the statute in such case made

and provided to the plaintiff in her said capacity for such damages not exceeding five thousand dollars ($5,000.00), as alleged a fair and just compensation for the pecuniary injuries resulting from the death of said William John Carey to Margaret Carey, widow, and Margaret Amelia Carey and Mabel Agnes Carey and William J. Carey, children of the said William John Carey. And the plaintiff avers that said damages amount to the sum of five thousand dollars ($5,000,00).

Also, for that the plaintiff says that he is the administrator of the estate of William John Carey late of Portland in said county of Cumberland, deceased, intestate, letters of administration having been duly issued to plaintiff by the judge of probate for the county of Cumberland; that the defendant owns and operates gas works on West Commercial street in said Portland and was in control and management of the same on the eleventh day of August, A. D. 1900, and that on said eleventh day of August, A. D. 1900 the deceased was in the employ of the defendant in said gas works; that it was the duty of the defendant to furnish a competent and suitable superintendent, an engineer or machinist or some party understanding the business and qualified by practical knowledge to manage and control the tanks, pipes and machinery of the gas works then and there used. That it was the duty of the defendant to furnish suitable machinery, pipes, tanks and valves and other things in proper condition for the services required of it in said works. That it was also the duty of the defendant to protect said deceased from dangers and give proper warning and instruction to him as to the dangers attending the work in which he was engaged. That it was the duty of the defendant to see that its works and machinery and different attachments connected with the gas works were in sufficient and proper condition so that the plaintiff doing his work should not be exposed to any dangers unreasonable or unnecessary or not ordinarily incident to his employment, but that the defendant regardless of its duties in this behalf employed an engineer and other employees not sufficiently informed in the management of the machinery, works and appliances of the gas works to properly manage the same so that they might be used with comparative safety and permitted defects to exist in the machinery, gearing, pipes, tanks and

connections, valves and other machinery and tools which were used in carrying on the business of the gas company and gave no sufficient warning or caution to the deceased as to the dangers attending the business in which he was employed and left the machinery and other portions of the works in a condition which greatly enhanced the peril of the deceased in performing his work. That the defects arose from or had not been discovered, owing to the negligence of the defendant, its servants and agents or of that person in its service by it intrusted with the duty of seeing that its works were in proper condition; that by reason of said negligence of the said defendant in the selection of said employees and by reason of the defective pipes, valves, connections and other gearing and attachments and machinery used in and about the works and on account of the negligence of the company in not giving suitable instructions to the deceased and warning him of the danger and unsafe condition of the works of the company and of the machinery, gearings, and attachments used and from the resulting dangers owing to the escape of gases from tanks, pipes, etc., resulting from the negligence of the defendant, its servants and agents and also from the negligence of the defendant in allowing the fires to be where the gases could come in contact with them and from the general negligence of the defendant its servants and agents in not properly attending to the machinery and gearing and in not furnishing suitable and experienced and competent managers and superintendents and employees, the deceased while in said employment in said works and rightfully engaged in the service of the defendant and while performing work for which he was hired by the defendant and while in the exercise of due care suffered personal injuries by the explosion of gases and by the flying pieces of metal, earth and rocks and by the destruction of the different pieces of machinery received injuries from which he thereafterwards died, by reason of all of which defects and negligence the said defendant has become liable by force of the statute in such case made and provided to the plaintiff in his said capacity for such damages not exceeding five thousand dollars ($5,000.00) as will be a fair and just compensation for the pecuniary injuries resulting from the death of said William John Carey to Margaret Carey, widow, and Margaret Amelia Carey, and Mabel Agnes

Carey and William John Carey, children of said William John
Carey. And the plaintiff avers that said damages amount to the
sum of five thousand dollars ($5,000.00).

Defendant's demurrer was as follows:—

And now the said defendant comes, etc., and says that the plain-
tiff's declaration is insufficient in law.

And the defendant, as to the first count of the declaration, says:
That the said count is not sufficient in law.

And the said defendant shows to the court here the following
causes of demurrer to the said declaration as set out in said first
count, that is to say:

1st: That it does not appear by the said declaration whose
employee the plaintiff's intestate was or by whom he was employed
in and about said company's building.

2nd: That it does not appear by said declaration what contractual
or other relations, if any, the plaintiff's intestate sustained to the
defendant or whether he was in the employ of the defendant or some
other person, or was a mere licensee.

3rd: That no cause is given or alleged for the explosion of gases
as claimed by said plaintiff.

4th: That said declaration states no particular act or omission
upon the part of said defendant which should cause the alleged injury
to plaintiff's intestate.

5th: That the defendant is not informed by said declaration
whether the alleged explosion occurred in said building, or about
said building, nor within what space, nor where such alleged explo-
sion is claimed to have occurred.

6th: That said declaration does not show in what particular
respect, if any, the said defendant was negligent, so that such charge
of negligence may be understood or answered by the said defendant;
nor does it show that the alleged injury to plaintiff's intestate was
caused by any of the general instances of negligence claimed.

And the defendant, as to the second count of the said declaration,
says that the said count is not sufficient in law.

And the defendant shows to the court here the following causes of

demurrer to said declaration as set out in said second count, that is to say:

1st: It does not appear by said declaration in what capacity the plaintiff's intestate is claimed to have been in the employ of said defendant, whether as laborer, independent contractor, salesman on commission, or otherwise; nor does it appear what contractual or other relations, if any, the plaintiff's intestate sustained to the defendant.

2nd: That said declaration does not state, nor does it inform said defendant of any particular act of negligence of which said defendant is claimed to be guilty; nor does it state whether the said gas works as a whole, nor whether any particular portion, nor whether all of the machinery, pipes, tanks and other vessels used in and about said works are claimed to have been in a dangerous condition, nor in what respect any or all of them were dangerous.

3rd: That said declaration does not inform said defendant of any particular place where alleged gases are claimed to have escaped and exploded, nor of any particular cause for such alleged escape and explosion, nor any particular reason for such alleged explosion, nor any particular respect in regard to which said works, machinery, and other things named were dangerous or in regard to which said defendant is claimed to have been negligent.

4th: That said declaration does not state that said explosion was in, or whether it was about the said gas works, nor does it state that the plaintiff's intestate was at any place where such alleged explosion is claimed to have occurred, nor does it state that such alleged explosion was the cause of the injuries claimed to have been received by plaintiff's intestate, nor does it state any specific cause for such injuries.

5th: That said declaration does not show in what particular respect, if any, the said defendant was negligent, so that such charge of negligence may be understood or answered by the said defendant; nor does it show that the alleged injury to plaintiff's intestate was caused by any of the general instances of negligence claimed.

And the defendant, as to the third count of the said declaration, says that the said count is not sufficient in law.

And the defendant shows to the court here the following causes of demurrer to said declaration as set out in said third count, that is to say:

1st: That it does not appear by said declaration in what capacity the plaintiff's intestate is claimed to have been in the employ of said defendant, whether as laborer, independent contractor, broker, or otherwise; nor does it appear what contractual or other relations, if any, the plaintiff's intestate sustained to the defendant.

2nd: That said declaration does not state any particular thing connected with the management of the machinery, works and appliances named, concerning which it is claimed the said engineer and said other employees were not sufficiently informed, so as to properly manage the same; that it does not state any particular defect which it is alleged existed in the machinery, gearing, tools and other things named as being used in carrying on said defendant's business; nor does it state what the condition was which it is alleged enhanced the peril of said plaintiff's intestate; and that said charges of negligence alleged against said defendant in said declaration are in all respects wholly vague and indefinite and not sufficient to inform said defendant of any particular charge of negligence to which it can make answer.

3rd: That said declaration does not state that the alleged explosion of gases was caused by said defendant, either negligently or otherwise; nor does it state that the alleged destruction of the different pieces of machinery was caused by said defendant; nor does it state that the personal injuries claimed to have been suffered by said plaintiff's intestate were caused by or due to the said defendant.

4th: That said declaration does not state or show in what particular respect, if any, the said defendant was negligent, so that such charge of negligence may be understood or answered by said defendant; nor does it show that the alleged injury to plaintiff's intestate was caused by any of the general instances of negligence claimed; nor does it state that the said alleged personal injuries were caused by any person. Wherefore it prays judgment.

*D. A. Meaher*, for plaintiff.

The allegations showing the employment and contractual relations of plaintiff and defendant were sufficient. *Wachs* v. *Gawne*, 11 Ohio Dec. 22; *D. O. Marcho* v. *Builders' Iron Foundary*, 18 R. I. 514.

The declaration in *Boardman* v. *Creighton*, 93 Maine, 17, is easily distinguished from the one now under consideration.

In *Kansas City S. Co.* v. *Burton*, 97 Ala. 240, it was held to be sufficient to allege that plaintiff was defendant's servant and was injured while in the performance of his duties as such. *Ensley R. Co.* v. *Chewing*, 93 Ala. 24.

It was unnecessary to allege in what the defects in works, etc., consist, if they are such that it is impossible to describe them with any degree of particularity; or, if they are more in the knowledge of the defendant than of the plaintiff, less certainty of description is required. Vol. 13 Enclycl. Pl. & Practice, p. 908 et seq.; Vol. 14 Enclycl. Pl. & Practice, p. 335; *San Antonio, etc., R. Co.* v. *Adams*, 6 Texas Civ. App. 102; *Bridges* v. *North London, R. Co., L. R.* 6 Q. B. 377, 391; *Byrne* v. *Boodle*, 2 H. & C. 722; *Kearney* v. *London, Brighton, etc., Railway Co.* L. R. 5 Q. B. 411; L. R. 6 Q. B. 759; 1 Shear. & Redf. on Negligence, §§ 59, 60, and cases; *Cox.* v. *Providence Gas Co.*, 17 R. I. 200.

In an action against a gas company for injuries to an employee caused by the explosion of a gas tank it is not necessary to allege in what the defect consists. *Cox.* v. *Providence Gas Co.*, 17 R. I. 199; *Schmidtkunst* v. *Sutro*, 16 N. Y. Civ. Pro. 143; *Wabash, etc., R. Co.* v. *Morgan*, 132 Ind. 430; *Walker* v. *Mitchell*, 17 Wash. 582; *Harper* v. *Norfolk, etc., R. Co.*, 36 Fed. Rep. 102; *Southwest Imp. Co.* v. *Andrew*, 86 Va. 270; *Galveston, etc., R. Co.* v. *Crawford*, 9 Texas Civ. App. 245; *Dehority* v. *Whitcomb*, 13 Ind. App. 588; *Georgia Pac. R. Co.* v. *Propst*, 85 Ala. 203; *Birmingham R. & E. Co.* v. *Allen*, 99 Ala. 359, 20 L. R. A. 457; *Evansville, etc., R. Co.* v. *Doan*, 3 Ind. App. 453; *Evansville, etc., R. Co.* v. *Maddux*, 134 Ind. 571; *Coal Bluffs Min. Co.* v. *Watts*, 6 Ind. App. 347; *Bender* v. *St. Louis etc., R. Co.* 137 Mo. 240; *Lyon* v. *Union Pac. R. Co.*, 35 Fed. Rep. 111.

The allegations as to defendant's negligence are sufficient to with-

stand demurrer.    14 Encycl. Pl. & Practice, 332 et seq.; *Mary Lee Coal Co.* v. *Chandiss*, 97 Ala. 171; *Leach* v. *Bush*, 57 Ala. 145; *McGonigle, etc., R. Co.* v. *Clemmitt*, 19 Ind. App. 21, 49 N. E. Rep. 38; *Grienbe* v. *Milwaukee, etc., R. Co.*, 42 Iowa, 376; *Rogers* v. *Truesdale*, 57 Minn. 126; *Central R. Co.* v. *Horn*, 38 N. J. L. 133; *Snyder* v. *Wheeling Elec. Co.*, 43 W. Va. 661, 64 Am. St. Rep. 922; *Uren* v. *Mining Co.*, (Wash.) 64 Pac. Rep. 174.    In an action for negligence the declaration need not state with particularity the act of omission or commission which constituted the negligence or wrong.    *Berns* v. *Gaston Gas Coal Co.*, 27 W. Va. 285, 55 Am. Rep. 304; citing *Hawker* v. *R. Co.*, 15 W. Va. 628, 36 Am. Rep. 825; *Cogswell* v. *R. Co.*, 5 Wash. 46, 31 Pac. Rep. 411; *Cunningham* v. *Los Angeles R. Co.*, 115 Cal. 561; *Cummings* v. *National Furnace Co.*, 60 Wis. 603; *Alberton Packing Co.* v. *Egan*, 86 Ill. 253, 29 Am. Rep. 28.

The declaration identifies with reasonable certainty the place where the explosion occurred and where the plaintiff was injured.

*Aug. F. Moulton*, for defendant.

SITTING:    WISWELL,   C. J.,   WHITEHOUSE,   STROUT,   FOGLER, PEABODY,   JJ.

WHITEHOUSE, J.    This is an action against the defendant company to recover damages for negligently causing the death of William John Carey, one of its employees.    The declaration contains three counts, and the defendant demurred generally to the declaration and specially to each count.    It is unnecessary to consider the numerous objections to the form of the pleadings pointed out and insisted upon as the grounds of the special demurrer, for it is the opinion of the court that each of the counts must be held insufficient for a substantial reason common to them all, not specified as a cause of special demurrer, but interposed as an objection under the general demurrer.

Each count in the declaration was manifestly designed to set out a cause of action " for injuries causing death " under the provisions of chapter 124 of the Public Laws of 1891, for it is provided in the second section of that chapter that " the amount recovered in every such action shall be for the exclusive benefit " of the widow and children, and be " a fair and just compensation, not exceeding five thous-

and dollars, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought;" and each count in the plaintiff's declaration concludes as follows: "By reason of all which said defendant has become liable, by force of the statute in such case made and provided, to the plaintiff in his said capacity for such damages, not exceeding five thousand dollars, as will be a fair and just compensation for the pecuniary injuries resulting from the death of said William John Carey" to his widow and children. But it is nowhere averred in either count of the declaration that William John Carey died immediately from the effect of his injuries. The first count alleges that he "was severely injured and killed by the explosion of gases . . . and suffered much in body and mind and died within twenty minutes, from the result of the injuries then and there received;" the second count represents that he "was severely injured in his head, lacerated and cut in different parts of his person and other bodily injuries were sustained by him, and solely from such injuries, and from no other cause, said William John Carey died within a short time, to wit, within twenty minutes after said injuries were received;" and the third count simply states that he "received injuries from which he thereafterwards died." It is obvious that there is here no averment in either count equivalent to an allegation of immediate death.

A precisely similar question was presented on general demurrer in *Sawyer v. Perry*, 88 Maine, 42, for the express purpose of obtaining from this court a judicial construction of the statute of 1891, c. 124, here in question. In that case the conclusion was, that the act was intended by the legislature to apply to cases where the persons injured die immediately; and inasmuch as it was not alleged in the declaration that the injured person died immediately, but on the contrary it was averred that he lived "about an hour," it was held that the declaration described only a common law right of action in which the damages recovered must be for the benefit of the decedent's estate generally and not for the exclusive benefit of the widow, and that in the form presented, declaring that the action was brought for the benefit of the widow of the deceased, the declaration was demurrable. In the opinion it is said by the court: "And when we say that the

death must be immediate we do not mean to say that it must follow
the injury within a period of time too brief to be perceptible. If an
injury severs some of the principal blood vessels and causes the person
injured to bleed to death, we think his death may be regarded as
immediate though not instantaneous. If a blow upon the head pro-
duces unconsciousness and renders the person injured incapable of
intelligent thought or speech or action, and he so remains for several
minutes and then dies, we think his death may properly be considered
as immediate though not instantaneous."

In the case at bar it has been seen that there is no averment in
either count that the injured person died immediately, but in the first
and second counts it is alleged that he "died within twenty minutes,"
and in the third count that he " received injuries from which he there-
afterwards died."

In the first count it also affirmatively appears by express averment
that he " suffered much in body and mind;" and in the second count
it fails to appear, either by inference or direct averment, whether he
became unconscious from his injuries or endured conscious suffering
while he survived. There is, therefore, no substantial ground for
distinguishing the declaration in this case from that in *Sawyer* v.
*Perry*, supra. It is true, that in this case the decedent survived his
injuries only twenty minutes, while in that he lived about an hour.
But the agonies of body and mind which "no word can speak" may
in one case be suffered in twenty minutes, and much larger damages
may be required as compensation in such a case than for the suffering
of many hours or days from injuries of a different character.

As construed by our court in *Sawyer* v. *Perry*, supra, it is obvious
that the statute of 1891 in question affords a right of action for
"injuries causing death" substantially like that given to employees
by the Employers' Liability Act in Massachussets. The third section
of that Act (c. 24, P. S. of 1887) gives a right of action "where an
employee is instantly killed, or dies without conscious suffering;"
and it was held in *Martin* v. *Boston & Maine Railroad*, 175 Mass.
502, that an action could not be maintained under this statute in a
case where the injured person survived and endured conscious suf-
fering less than one minute after the injury. See also *Hodnett* v.

*Boston & Albany Railroad*, 156 Mass. 86; *Green* v. *Smith*, 169
Mass. 485, 61 Am. St. Rep. 296; *Willey* v. *Boston Electric Light
·Co.*, 168 Mass. 40.

Whether, in the case at bar, it might not reasonably be considered
an immediate death within the meaning and purpose of our statute,
if the decedent immediately became unconscious after his injury and
remained in a comatose state for twenty minutes or even for several
hours or days until life became extinct, it is unnecessary here to
determine.  It is clear that the plaintiff in this case claims in his
declaration to recover compensation for the pecuniary injuries result-
ing to the widow and children from the death of the decedent, but
describes only a cause of action at common law in which the damages
recovered must be for the benefit of the estate generally, and not for
the exclusive benefit of the widow and children.  The entry must
therefore be,

*Exceptions sustained.    Demurrer sustained.*