ROBERT AHERN, Administrator of the Estate of John X. Welch

*vs.*

JAMES H. McGLINCHY.

Cumberland.    Opinion June 4, 1914.

*Agent.  Deceit.  Equity.  Exceptions.  False Representations.  Revised Statutes,
Chap. 89, Sec. 8.  Survival of Actions.  Title.*

1.  That the evidence does not disclose that the deceased in his lifetime was
ever deceived by any representations of the defendant.
2.  That an action for deceit, under circumstances like the case at bar, does not
survive either at common law or by the provisions of R. S., Chap. 89, Sec. 8.
3.  That the motion to direct a verdict for the defendant should have been
granted.

On motion and exceptions by defendant.  Motion and exceptions sustained.

This is an action on the case for deceit to recover money expended in removing a cloud from the title to real estate conveyed to the plaintiff's intestate by Ellen McGlinchy, by warranty deed in March, 1901.  The case was tried before the Superior Court of Cumberland County.  The plaintiff claimed that the defendant, acting as agent for the grantor, made false representations as to the title to the land, that the grantee, relying upon those representations, purchased the land and later found the title defective.  Plea, general issue.  The defendant filed a motion requesting the judge to instruct the jury to return a verdict for the defendant, which motion the judge denied, and the defendant excepted thereto.

The jury returned a verdict for the plaintiff and the defendant filed a motion for a new trial.

The case is stated in the opinion.

*Dennis A. Meaher,* for plaintiff.

*Connellan & Connellan,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

PHILBROOK, J.   Action on the case for deceit, tried in Superior Court of Cumberland County, verdict for plaintiff, and defendant comes to this court on exceptions and general motion for a new trial.

On the seventh day of March, 1901, one Ellen McGlinchy, in consideration of one dollar and other valuable considerations, conveyed a certain parcel of land to John X. Welch, plaintiff's intestate, and Mary Welch, his aunt, giving a warranty deed.   The plaintiff claims that the defendant, acting as agent for the grantor, made false representations as to the title to the land, that the grantees relied on those representations, bought the land, and later found the title defective.   On the twenty-second day of March, 1910, the grantees instituted equity proceedings to quiet title to the land.   While these proceedings were pending John X. Welch died and in September, 1910, the plaintiff appeared in the equity suit as his administrator. That suit was prosecuted to final decree, and in consequence thereof certain expenses were incurred by Mary Welch in her own behalf and by the plaintiff in his representative capacity.   Although the warranty deed does not in fact state what fractional interest in the land was conveyed to John, and what to Mary, yet the record shows that defendant's counsel, without contradiction, was allowed to state during the trial that one-third interest was in John and two-thirds in Mary.   The plaintiff, as administrator of John, brings this action on the case for deceit and alleges the measure of damages to be the expense incurred in the equity suit to quiet title, and other incidental expenses, one-third of which he says he bore as administrator, and which third, amounting to $207.39, he received a verdict for at the hands of the jury.   As to the rule or amount of damages we are not here concerned for the parties appear to have agreed upon that point, for the purposes of this case, providing the plaintiff is entitled to recover any damages.

It does not appear, and the plaintiff does not claim that the defendant ever made any false representations to John, personally, but it is claimed that, in the transaction, Mary was acting as the agent of John and that the false representations to her as the agent of John were, in law, representations made to John.   This question of agency was submitted to the jury under instructions to which no exceptions were taken and which were correct.   We have examined the

evidence carefully and conclude that the jury were manifestly wrong in their finding upon this question of agency. For this reason the motion for a new trial should be sustained and if that were the only question presented for our consideration our task would end here.

But it is the opinion of the court that we should go farther and decide other questions which are properly involved in this suit. At the close of the plaintiff's testimony, without offering any evidence in his own behalf the defendant presented a motion asking that the presiding judge direct a verdict for the defendant. This motion was denied and to that ruling the defendant filed exceptions which were allowed.

It should be borne in mind that the equity suit referred to has been disposed of by a final decree from which no appeal was taken and we are not now considering that suit. The action before us was begun after the death of John X. Welch, by his administrator, and is an action on the case to recover damages alleged to be suffered by John in his lifetime. The recovery of damages is sought for the benefit of John's estate, the plaintiff declaring that "it was by means of the deception then and there practiced and the representations made by the defendant that said John X. Welch and his estate have suffered the losses herein described." This action being brought to recover damages claimed to be sustained by John, because of the deceit of the defendant is a personal action. *Boyd* v. *Cronan*, 71 Maine, 286; *Hall* v. *Decker*, 48 Maine, 255; *Linscott* v. *Fuller*, 57 Maine, 406. This being true does the cause of action survive either by common law or by the provisions of R. S., Chap. 89, Sec. 8. It is the opinion of the court that it does not. Plainly the statute does not include this action for the only ones there included, in addition to those surviving by common law, are "replevin, trover, assault and battery, trespass, trespass on the case, and petitions for and actions of review."

Does this action survive by virtue of the common law. Under the authority of Chancellor Kent, 1 Kent Com., 473, the doctrine is well established that English statutes passed before the emigration of our ancestors, and applicable to our situation, and in amendment of the law, constitute a part of the common law of this country. It is also familiar learning that by the common law prior to 4 Edward III, ch. 7, and 31 Edward III, ch. 11, the general rule in cases of torts and in actions ex delicto was that upon the death of either party the

right of action did not survive to or against the personal representative of either. But by the statutes just referred to, passed long before the emigration of our ancestors, and which become part of the common law, this rule was altered in its relations to personal property and in favor of the personal representative of the party injured. By the authority of *Baker* v. *Crandall*, 47 Am. Rep., 126, and cases there cited, the rule may be thus stated: "Under the operation of these statutes, and the adjudications thereunder, it was held that the cause of action for any wrong to personal property, by which it was rendered less beneficial to the injured party, survived to his personal representative. It was also held that wrongs contemplated by these statutes were not limited to injuries to specific articles of personal property but extended to other wrongs by which his personal estate was injured or diminished." It should be here observed that a local statute in the State where that case was decided led the court to a different conclusion than that which we shall reach, as applicable to the statutes in our jurisdiction.

The legislature of Massachusetts, in part at least, has incorporated the element of the common law relating to damage to personal property in its provisions for survival of actions when it provides such survival in actions "for damage to real or personal property" and the adjudications of the court of last resort in that Commonwealth are significant and illuminating as applied to the present discussion. In *Read* v. *Hatch*, 19 Pick., 47, the court said: "It is contended that a false representation, by which one is induced to part with his property, by a sale on credit to an insolvent person, by means of which he is in danger of losing it, is a damage done to him in respect to his personal property. But we are of opinion that this would be a forced construction, and not conformable to the intent of the statute. If this were the true construction, then every injury by which one should be prevented from pecuniary gain, or subjected to pecuniary loss, would, directly or indirectly, be a damage to his personal property. But we are of opinion that it must have a more limited construction, and be confined to damage done to some specific personal estate, of which one may be the owner. A mere fraud or cheat, by which one sustains a pecuniary loss cannot be regarded as a damage done to personal estate." The same court has held that an action for libel does not survive. *Walters* v. *Nettleton*, 5 Cush., 544; nor an action for malicious prosecution, *Nettleton* v. *Dinehart*, 5 Cush., 543; nor

an action for deceit in the sale of poisoned grain, *Cutting, Adm.,* v. *Tower,* 14 Gray, 183; nor an action for fraudulent representations by means of which a person was induced to part with real estate, *Leggate* v. *Moulton,* 115 Mass., 552. Under a similar statute the Supreme Court of Vermont has held that an action for fraud in the sale of shares of stock does not survive, *Jones* v. *Ellis,* 68 Vt., 544. Our own court has held, under the statute of 1841, that an action cannot be sustained which was brought by an administrator against one for aiding a debtor of the plaintiff's intestate in the fraudulent transfer of his property, as the cause of action does not survive, *Smith* v. *Estes,* 46 Maine, 158.

It is therefore the opinion of the court that in the case at bar, the cause of action does not survive, it being one for alleged deceit of the defendant caused by his acts during the lifetime of the plaintiff. The motion to direct a verdict for the defendant was therefore proper and should have been granted.

*Exceptions sustained.*