JABOUR BATTANY, administrator, *vs.* PATRICK J. WALL.

Suffolk. November 11, 13, 1918. — February 26, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Damages*, Nominal. *Evidence*, Of conscious suffering, Manner of utterance, Presumptions and burden of proof.

In an action by an administrator for personal injuries sustained by the plaintiff's intestate, a girl ten years of age, which resulted in her death on the night of the following day, if there is no evidence that the intestate was conscious after her injury, although the plaintiff cannot recover substantial damages, it is error for the presiding judge to order a verdict for the defendant, where there is evidence of the defendant's negligence without contributory negligence of the intestate, because, if the jury find for the plaintiff on these issues, he is entitled to a verdict for nominal damages.

In the action above described, the only evidence to indicate consciousness of the intestate between the time of her injury and that of her death was the testimony of her parents that at the hospital the child in answer to her mother's call said, "Oh, mamma," and that "that was all she said." The presiding judge ordered a verdict for the defendant "Upon the ground that there was not sufficient evidence of conscious suffering to warrant a verdict for the plaintiff under said count." *Held*, that whether the utterance of the words "Oh, mamma" indicated conscious suffering depended largely upon the inflection and intonation with which they were uttered by the child and that the jury might be able to determine this from the voices of the witnesses in describing her speaking of the words, so that it could not be said as matter of law that there was no evidence to warrant the jury in finding conscious suffering.

TORT by the administrator of the estate of Nabeha Battany for injuries sustained by the plaintiff's intestate, a girl ten years of age, on March 16, 1915, by reason of being run into and knocked down by a motor car driven negligently by the defendant on Harrison Avenue in Boston, when the plaintiff's intestate was a traveller upon that highway, and for causing the death of the plaintiff's intestate as the result of such injuries. Writ dated April 12, 1915.

The declaration contained two counts. The first count, which

was at common law, concluded as follows: "And the plaintiff says that the said intestate was taken to a hospital after her injuries, during which time she endured conscious suffering, until the time of her death. And the plaintiff claims damages for conscious suffering of the said Nabeha Battany from the time of said accident until the time of her death." The second count was for causing the death of the plaintiff's intestate.

In the Superior Court the case was tried before *Hardy,* J. The testimony in regard to conscious suffering, referred to in the opinion, was as follows:

Mary Battany, the mother of the intestate, testified that she heard that the intestate was at the City Hospital and went to see her there, and that she died at about twelve o'clock that night. She was asked, "Did you say anything to her?" and answered, "I called to her and she says, 'Oh, mamma!'" She then was asked, "Did she say anything else?" and answered, "No." Her cross-examination was as follows: "Q. When was that, when you first saw her that night? A. Yes. Q. And that is the only thing she said that night? A. That is all she said that night. Q. Were you with her until she died? A. Yes."

The plaintiff, the father of the intestate, testified as follows: "Q. Now, did you see your little girl at the hospital? A. Yes. Q. Did you speak to her at the hospital? A. No, I didn't. Q. Did your wife speak to her at the hospital? A. Mother spoke to her once. All she said, 'Oh, mamma!'"

The bill of exceptions contained the following statement: "There was sufficient evidence on the question of the due care of the intestate and the negligence of the defendant to warrant the submission of the case to the jury."

At the close of the evidence the counsel for the defendant made an oral motion that the judge direct the jury to return a verdict for the defendant on the first count. The judge granted this motion, and ordered the jury to return a verdict for the defendant on the first count of the declaration, "upon the ground that there was not sufficient evidence of conscious suffering to warrant a verdict for the plaintiff under said count." The plaintiff excepted. No other motion was made nor was anything else said. The judge submitted the case to the jury on the second count of the declaration, and the jury found for the defendant

on the second count. The plaintiff alleged exceptions, which after the death of *Hardy,* J., were allowed by *Wait,* J.

The case was argued at the bar in November, 1918, before *Rugg,* C. J., *Loring, Braley, Pierce, & Carroll,* JJ., and afterwards was submitted on briefs to all the justices.

*J. L. Sheehan,* for the plaintiff.

*W. I. Badger,* for the defendant.

PIERCE, J. Under essential conditions sufficient to warrant the submission to the jury- of the issue of the due care of the intestate and the negligence of the defendant, the intestate was struck and severely injured by a motor car driven by the defendant at 7:15 P. M. on March 16, 1915, and thereafter lived until midnight. A right of action simultaneous with the injury accrued to the intestate, "as a person in *esse,* and . . . [her] subsequent death does not defeat it, but, by operation of the statute, vests it in the personal representative." *Hollenbeck* v. *Berkshire Railroad,* 9 Cush. 478. "The continuance of life after the accident, and⁶ not insensibility or want of consciousness, is the test by which it is determined whether a cause of action survives." *Mulchahey* v. *Washburn Car Wheel Co.* 145 Mass. 281, 285, 286. *Kearney* v. *Boston & Worcester Railroad,* 9 Cush. 108.

The direction of the verdict for the defendant was error, because the plaintiff as matter of law was entitled to a verdict for nominal damages should the jury find the injury resulted from the negligence of the defendant without the contributing negligence of the intestate. *Mulchahey* v. *Washburn Car Wheel Co. supra.* St. 1914, c. 553. As there was no evidence of injury to property or property rights of the intestate, the plaintiff to recover actual damages must show the intestate suffered conscious pain or suffering. *Kennedy* v. *Standard Sugar Refinery,* 125 Mass. 90. The only evidence to indicate consciousness of the intestate between the moment of her injury and death was the testimony of the mother, corroborated by that of the father, that, at the hospital, the child in answer to her mother's call said "Oh, mamma," and "That was all she said that night." Upon this testimony the question presented is, did the response "Oh, mamma" warrant a finding by the jury of conscious pain or suffering? The answer to this question may depend largely upon testimony which the

record cannot reproduce, which discloses to the jury that the words "Oh, mamma" were uttered by the child with an inflection and intonation which indicated conscious pain or suffering or merely a subconscious recognition of the voice and presence of the mother and a reflex struggle to show it. In the silence of the record we cannot say there was no issue of fact to warrant a jury in finding conscious suffering.

In the opinion of a majority of the court the exceptions must be sustained, the new trial to be confined to the first count of the declaration; and it is

*So ordered.*