FRANK L. AMES, ADMR. *vs.* SELDEN E. ADAMS.

Somerset.      Opinion May 29, 1929.

*Ames & Ames*, for plaintiff.
*Merrill & Merrill*, for defendant.

Sitting: Wilson, C. J., Deasy, Sturgis, Bassett, JJ.
Philbrook, A. R. J.

Philbrook, A. R. J. This action is brought under the provisions of Secs. 9 and 10 of R. S., Chap. 92, commonly known to the legal profession as Lord Campbell's Act, which by the former section provides that "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as shall amount to a felony;" and by the latter section that "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of his widow, if no children, and of the children, if no widow, and if both, then of her and them equally, and if neither, of his heirs."

That the defendant shot and instantly killed the plaintiff's intestate is established by the verdict of a jury which heard the case upon a charge of murder. It is admitted that the plaintiff is the duly appointed administrator of the estate of the deceased, who left no widow nor children, and that the action is brought for the ex-

clusive benefit of Mary L. Gordon, mother and sole heir of the deceased.

The declaration is in terms appropriate to the action as described in the statute. It contains no allegation of assault and battery. After the declaration is a command to summon certain banking institutions as trustees of the defendant.

At the close of plaintiff's testimony, counsel moved for non-suit "on the ground that the evidence discloses that this is an action for assault and battery and is within the exception contained in Sec. 1, Chap. 91, of the Revised Statutes, the action being an action commenced by trustee process, therefore not maintainable." The motion was granted and exceptions taken to the ruling.

After the order of non-suit had been granted, and at the same term of court, the plaintiff presented a written motion that his writ be amended by removing therefrom all those portions thereof which gave it the form, character and force of a trustee process. This motion was denied and to this ruling also exceptions were taken.

Upon these two exceptions the plaintiff relies.

The effect of the Lord Campbell Act was not to create a new remedy for an existing cause of action but to create the cause of action itself where none existed before. It was therefor necessarily a new cause of action, a new right of action. The two causes are inherently distinct, both in their nature and in their results. The statutory cause of action begins where the common law leaves off. The common law gave to the personal representative a right of action to recover for conscious suffering up to the time of death, but nothing for the death itself. The statute does not apply in case of conscious suffering and therefore gives no damage for that, but for the death itself which must follow immediately. The former is brought for the benefit of the estate, the latter for the benefit of the next of kin and ignores the estate. The rule of damages in the two actions is entirely different. *Anderson* v. *Wetter*, 103 Me., 257. The object of the Lord Campbell Act was not to give a new right of action where ample means of redress already existed, but to supplement the existing law, and give a new right of action in a class of cases where no means of redress before existed. *Sawyer* v. *Perry*, 88 Me., 42. Similar statutes have received the same con-

struction in other jurisdictions, where they have been held to be not remedial in their nature but creative of a distinctly new and independent right. *Funk* v. *Garman,* 40 Pa., St., 95 ; *Matz* v. *Chicago & A. R. R. Co.,* 85 Fed., 180 ; *Union Pacific Railroad* v. *Wyler,* 158 U. S., 285. See also 17 C. J., 1184, Sec. 38 et seq.

Although the plaintiff's intestate, had he lived, might have brought an action of assault and battery against this defendant to recover such damages as were suffered, yet the present action is not brought to enforce that right but is one to recover damages for another and independent cause. The statute, R. S., Chap. 91, Sec. 1, would forbid bringing the former action by trustee process but it does not forbid such process in the present suit.

Since the first exception must be sustained, it is unnecessary to consider the second one.

*First exception sustained.*
*Second exception not considered.*