**FARRINGTON v. STODDARD.**

No. 3575.

Circuit Court of Appeals, First Circuit.

Oct. 23, 1940.

Sidney W. Wernick, of Portland, Me. (Jacob H. Berman, Edward J. Berman, and Berman & Berman, all of Portland, Me., on the brief), for appellant.

Israel Bernstein, of Portland, Me. (Edward S. Anthoine and Bernstein & Bernstein, all of Portland, Me., on the brief), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and SWEENEY, District Judge.

MAGRUDER, Circuit Judge.

This case turns on the Maine death and survival statutes. In Maine, as in other states, the interrelation of these two statutes has been the subject of much perplexing litigation. See Note, The Inadequacies of Existing "Wrongful Death" and "Survival" Legislation, 44 Harv.L.Rev. 980.

On July 11, 1938, Edward Farrington, the plaintiff's testator, while carefully driving a horse-drawn mowing machine on a Maine highway, collided with a truck negligently operated by defendant's servant. Farrington's skull was fractured, he was rendered unconscious, and from the time of the collision until his death, about five and a half days later, he never regained consciousness. Doctors' bills, and the expenses of hospitalization and nursing, amounted to $383.70; in addition to which, Farrington sustained property damage in the sum of $175. At the time of his death, Farrington was 62 years of age, in good physical condition, and had an expectancy of life of approximately thirteen years.

Plaintiff as executrix, but for the exclusive benefit of herself as widow, brought an action against the defendant in the United States District Court for Maine, under the Maine statute patterned after Lord Campbell's Act;[1] she recovered judgment, in December, 1938, in the sum of $7,554 with costs. This judgment has been fully paid.

Thereafter, the plaintiff as executrix, for the benefit of the estate,[2] brought the present action under the Maine survival statute. Originally filed in a state court, it was removed to the United States District Court on the ground of diversity of citizenship. Plaintiff sought to recover damages (1) for property damage to the horse and mowing machine, (2) for the medical expenses incurred during the five and a half days in which Farrington had lingered on unconscious, and (3) for the curtailment of testator's life expectancy and the deprivation of his right and pleasure of growing old gracefully and enjoying the amenities of life. The facts, as above summarized, were stipulated and the case was heard by the district judge without a jury. From a judgment for defendant the plaintiff now appeals.

Consideration will be given first to the question: For what items of damage could plaintiff have recovered had she sued only under the survival statute? Then the inquiry follows, whether the recovery of an earlier judgment under the death statute affected the plaintiff's right to recover under the survival statute.

The survival statute, which dates back

[1] Me.Rev.Stat., c. 101, § 9:
"Sec. 9. Actions for injuries causing immediate death may be maintained. R. S. c. 92, § 9. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as shall amount to a felony."
Me.Rev.Stat., c. 101, § 10 (as amended by 1933 Public Laws of Maine, c. 113):
"Sec. 10. How such action to be brought; and amount recovered, disposed of; limitation. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow or widower, if no children, and of the children, if no widow or widower, and if both, then for the exclusive benefit of the widow or widower and the children equally, and, if neither, of his or her heirs. The jury may give such damages as they shall deem a fair and just compensation, not exceeding $10,000, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought [and in addition thereto, shall give such damages as will compensate the estate of such deceased person for the reasonable expense of medical, surgical and hospital care and treatment], provided, that such action shall be commenced within 2 years after the death of such person."
The part in brackets was added by amendment in 1939, Maine, Public Laws of 1939, c. 252.
[2] We were informed at the argument that any recovery in the present action will inure to the benefit of the plaintiff as sole beneficiary under Farrington's will.

to the early days of Maine's statehood, reads:

"In addition to those surviving by the common law, the following actions survive; replevin, trover, assault and battery, trespass, trespass on the case, and petitions for and actions of review; and these actions may be commenced by or against an executor or administrator, or when the deceased was a party to them, may be prosecuted or defended by them." Me.Rev. Stat., c. 101, § 8.

Under the plain language of this statute, if an action of trespass or trespass on the case accrued to Farrington during his lifetime, it survives to his executrix. That Farrington never regained consciousness is immaterial, for one may acquire a cause of action without being conscious of its acquisition. Bancroft v. Boston & Worcester R. Corp., 11 Allen, Mass., 34; Kennedy v. Standard Sugar Refinery, 125 Mass. 90, 28 Am.Rep. 214. Suppose the defendant had tortiously set fire to Farrington's dwelling house while the latter was dying in the hospital; in such a case no one would doubt that Farrington had acquired a cause of action and that his executrix could recover under the survival statute for such property damage. Therefore, it is clear that a cause of action had vested in Farrington for damages to the horse and mowing machine and for medical expenses incurred before his death; by force of the statute this cause of action survives to the executrix. Indeed, so far as concerns the cause of action for damage to personal property, it seems that this survived at the Maine common law, even before the passage of the survival statute, for ancient English statutes providing for survival in such cases were received as part of the common law of Maine. Ahern v. McGlinchy, 112 Me. 58, 60, 61, 90 A. 709, 52 L.R.A.,N.S., 885.

To controvert this conclusion, defendant relies upon a statement in Perkins v. Oxford Paper Co., 104 Me. 109, 116, 71 A. 476, 479, that

"* * * if death was instantaneous, there was no remedy whatever, and, if the injury was immediately followed by a comatose condition for a longer or shorter period and that by death, there was no real remedy, for, although the personal representative had a right of action under the survival statute, the damages were

nominal as in Mulchahey, Adm'x, v. Washburn Car Wheel Co., supra [1887, 145 Mass. 281, 14 N.E. 106, 1 Am.St.Rep. 458]. The right was a husk without the kernel."

This, however, was not a case under the survival statute, but was an action for wrongful death, and the court made the quoted statement as an argument for construing the death statute to afford a remedy not only in cases where death was instantaneous, but also where the wrongful act produced at once a condition of insensibility, continuing without cessation until death. In such cases it will no doubt often be true that damages accruing prior to death may be nominal, as apparently was the case in the special circumstances of Mulchahey, Adm'x, v. Washburn Car Wheel Co., 145 Mass. 281, 285, 14 N.E. 106, 1 Am.St.Rep. 458, cited by the Maine court as authority. Where no property damage resulted, and the victim lingered a fleeting period without conscious suffering and without medical attendance, substantial recovery could be had only if the death statute were applicable. But this is not to say that recovery should be denied under the survival statute where, as here, substantial pecuniary losses have in fact been sustained by the unconscious victim prior to his death. Such recovery was allowed in Bancroft v. Boston & Worcester R. Corp., 11 Allen, Mass., 34, cited in Ramsdell v. Grady, 97 Me. 319, 322, 54 A. 763, with apparent approval. To the same effect, see Kennedy v. Standard Sugar Refinery, 125 Mass. 90, 28 Am.Rep. 214. See also, Battany v. Wall, 232 Mass. 138, 140, 122 N.E. 168. No Maine decision has been cited to us, and we have found none, where recovery under the survival statute was denied in circumstances like those of the case at bar.

In 1939, after the present action arose, and after the executrix had recovered her judgment under the Maine death statute, the death statute was amended to permit the personal representative suing for wrongful death to join a count *for the benefit of the estate,* covering the expenses of medical and hospital care.[3] We are referred to a statement made by a member of the Judiciary Committee on the floor of the House, when the amendment was pending before the legislature, to the effect that "* * * if a man is injured and becomes unconscious, he may suffer and linger along

---

[3] See the amendment quoted in footnote 1, supra.

for a long period of time. His hospital bills and medical bills may in many cases be very large. His widow and children cannot recover one cent for medical and hospital bills. I say they should." This expression of opinion as to the pre-existing law no doubt is attributable to a misunderstanding of what the court had said in Perkins v. Oxford Paper Co., supra. But a legislator's opinion as to the state of Maine law is no more binding on the federal courts under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, than it would be binding on the Maine courts. The 1939 amendment certainly did not have the effect of destroying a cause of action which theretofore existed under the survival statute. This amendment, it may be noted, applies only to medical and hospital bills. If the defendant's contention is correct, the death of the victim without regaining consciousness will absolutely relieve the negligent defendant, in all future cases, from liability for property damage, for it is urged that only nominal damages could be secured under the survival statute, and damages under the death statute are measured by the pecuniary loss to the next of kin resulting from the death. All that the 1939 amendment does is to afford a procedural convenience. It does not alter the nature of the respective causes of action under the two statutes, nor the respective types of damages appropriate to be recovered under each. In McCarthy v. Wood Lumber Co., 219 Mass. 566, 571, 572, 107 N.E. 439, a statute similar to that of the 1939 amendment was construed as not precluding separate recovery under both statutes.

When it comes to the third item of damage claimed, the shortening of Farrington's life expectancy, the plaintiff's case has hard going. It is conceded that the executrix did not under the survival statute succeed to a cause of action for the death, for in the nature of things such a cause of action could not have been vested in Farrington prior to his death. But it is said that before Farrington's death he suffered an impairment of his normal expectancy of life; that this expectancy is a thing of temporal value for which damages could have been given Farrington had he sued and recovered judgment before his death (Flint v. Lovell, [1935] 1 K.B. 354); that since he died before suing, this right of action survived to his executrix (Rose v. Ford, [1937] A.C. 826). Such, indeed, were the holdings of the two recent English cases just cited; and in Morgan v. Scoulding, [1938] 1 K.B. 786, where the death was "instantaneous", it was held that in the split second between the impact and death a cause of action for shortening the normal expectancy is vested in the victim, so as to pass to his personal representative by virtue of the survival statute.

If the law of Maine corresponds with these recent English decisions, then there never was any need of supplementing the old survival statute by the passage of the death statute in 1891, since in any case of wrongful death, substantial damages of an indefinite amount might be recovered by the personal representative under the survival statute. That no such recovery for the shortening of life expectancy could be had under the survival statute is necessarily implied in Perkins v. Oxford Paper Co., supra. In Ramsdell v. Grady, 97 Me. 319, page 322, 54 A. 763, at page 764, though the court was not adverting specifically to the contention now advanced, it was said:

"Only such damages can be allowed as the deceased sustained in his lifetime. Nothing can be allowed for his loss of life, nor for what he might have earned had he lived longer. The administratrix is entitled to recover, for the benefit of the estate, such damages as the deceased suffered up to the last moment of his life, and no longer."

We are satisfied that if we were to read into the Maine law this novel doctrine, our decision would come as a complete surprise to the bench and bar of Maine. Even though there may be no decision of the Supreme Judicial Court specifically rejecting the plaintiff's contention, we think that under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the federal courts before imposing such a liability under the Maine law, should await a pronouncement by the state courts, especially where the jurisprudence of the state contains no intimation foreshadowing the ultimate recognition of such a head of damage. We have been referred to no American cases embracing the doctrine of the recent English cases cited above. See Harrigan, Recent English Decisions in Damages for Injuries Ending in Premature Death (1938) 18 B.U.L.Rev. 275; 49 Harv.L.Rev. 482.

Where the injured person survives for a period in a conscious state, it may be that the contemplation of an impending untimely death as a result of the tort may be com-

pensated for as a part of the victim's pain, suffering and mental distress actually experienced before his death. But where the injured person never regains consciousness, it seems a thin distinction to say that the executor cannot recover for the death, but can recover for the shortening of the life expectancy. All one ever does in killing a person is to accelerate the moment of his death.

From what has been said we conclude that had the plaintiff sued only under the survival statute, she could have recovered for the property damage and for the medical expenses incurred prior to Farrington's death, but not for the shortening of his life expectancy. There remains only the question of the effect on the present action of the plaintiff's earlier recovery of judgment under the death statute.

It seems clear from a reading of the Maine decisions that the passage of the death statute in 1891 did not have the effect of derogating from any rights of action which a personal representative might theretofore have maintained under the survival statute; rather, the purpose was to supplement existing law by giving a new right of action in a class of cases where no means of redress before existed. No duplication of damages results, because under the survival statute recovery is limited to damages for conscious pain and suffering and for pecuniary losses cast upon the victim prior to his death; whereas under the death statute damages not to exceed $10,000 are assessed with reference to pecuniary injuries resulting from such death to the persons for whose benefit the action is brought. See, generally, Sawyer v. Perry, 88 Me. 42, 33 A. 660; McKay v. New England Dredging Co., 92 Me. 454, 43 A. 29; Ramsdell v. Grady, 97 Me. 319, 54 A. 763; Anderson v. Wetter, 103 Me. 257, 69 A. 105, 15 L.R.A., N.S., 1003; Perkins v. Oxford Paper Co., 104 Me. 109, 71 A. 476; Ames v. Adams, 128 Me. 174, 146 A. 257. By interpretation, a limitation has been read into the death statute, in that there can be no recovery thereunder unless the death is "immediate". The criterion of "immediacy" seems to depend solely on whether the decedent retained consciousness for any length of time whatever after the accident. Thus, where the decedent dies 75 hours after the wrongful act, without having regained consciousness, the death is "immediate" and a recovery can be had under the death stat-

ute. Perkins v. Oxford Paper Co., supra. But death after 20 minutes' consciousness is apparently not "immediate" and no recovery can be had under the death statute. Conley v. Gas Light Co., 96 Me. 281, 52 A. 656. These interpretations of the death statute are of course binding on the federal courts, but are not involved in the case at bar, which is an action under the survival statute. There is no doubt that under the test of "immediacy" laid down by the Maine decisions, the plaintiff as executrix, on behalf of the next of kin, was entitled to recover her earlier judgment under the death statute.

Since prosecution of suit both under the death statute and under the survival statute does not involve inconsistent theories, and cannot result in any duplication of damages, the recovery of the earlier judgment under the death statute cannot be regarded as an "election" precluding later suit under the survival statute.

Nor can it be said that there was but a single cause of action; that the plaintiff in her earlier action should have claimed for the items of damage now in question; and that the judgment therein merges the cause of action and precludes any further suit predicated on the same tortious act. Such seems to be the defendant's contention, for he relies upon the recent case of Pillsbury v. Kesslen Shoe Co., 136 Me. 235, 7 A.2d 898. In that case the plaintiff suffered personal injuries and property damage as a result of an automobile collision due to the defendant's negligence. The plaintiff sued and recovered judgment for the personal injuries, and thereafter commenced a second action to recover for the property damage. The court held, in accordance with the weight of authority, that the plaintiff had but one cause of action with different elements of damage arising from it, and that the recovery of a judgment for personal injuries barred a subsequent action for property damage occasioned by the same accident. See the cases collected in Note, 64 A.L.R. 663, 1929.

But where the injured person dies as a result of the accident, which was not the fact in the Pillsbury case, it is clear under the Maine decisions that the action by the personal representative under the survival statute is separate and distinct from the cause of action under the death statute.

102

In Anderson v. Wetter, 103 Me. 257, 267, 268, 69 A. 105, 109, 15 L.R.A.,N.S., 1003, the court said:

"The two causes are inherently distinct, both in their nature and in their results. The statutory cause of action begins where the common law leaves off. * * * With different parties in interest, different ground of suit, different rule of damages, different application of funds, and different time of limitation, can there be any doubt that there is a different and a new cause of action?"

In A.L.I. Restatement of Torts, § 925, comment i, it is stated that where there are separate survival and death statutes in terms similar to those in Maine "a judgment under a survival statute has no effect upon the damages given under a death statute since the damages in the one case are based upon events preceding death, while the damages under the other statute are based upon harm caused by the death." See also Baltimore & Ohio S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566, where the court refused to permit a complaint for personal injuries to be amended by adding a claim for wrongful death under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., after the statute of limitations had run on the latter claim. The court said (280 U.S. page 494, 50 S.Ct. page 183, 74 L.Ed. 566): "But here two distinct causes of action are involved, one for the loss and suffering of the injured person while he lived, and another for the pecuniary loss to the beneficiaries named in the act as a result of his death." .

In the action under the death statute the executrix by the very terms of that statute was precluded from recovering for pecuniary losses suffered by the deceased prior to his death. Indeed, had that action for wrongful death been brought in a Maine state court, it may be doubted whether the executrix could have joined a count at common law for the benefit of the estate under the survival statute. See Anderson v. Wetter, 103 Me. 257, 269, 69 A. 105, 15 L.R.A., N.S., 1003, citing with approval Brennan v. Standard Oil Co., 187 Mass. 376, 73 N.E. 472.[4] It may be that the executrix in her earlier action in the United States District Court might have joined with her claim under the death statute the present claim under the survival statute by virtue of Rule 18 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, even though the executrix sues in different capacities. However, this would be merely a permissive procedural convenience, and the failure of the executrix to make use of it did not result in a merger of her claim under the survival statute when she obtained her judgment under the death statute. See McCarthy v. Wood Lumber Co., 219 Mass. 566, 107 N.E. 439; Peake v. Baltimore & Ohio R. Co., C.C., 26 F. 495; Peeples v. Seaboard Air Line Ry., 115 S.C. 115, 104 S.E. 541; May Coal Co. v. Robinette, 120 Ohio St. 110, 165 N.E. 576, 64 A.L. R. 441; Nashville, Chattanooga & St. Louis Ry. v. Hubble, 140 Ga. 368, 78 S.E. 919, L.R. A. 1915E, 1132.

The judgment of the District Court is reversed, with costs to the appellant, and the case remanded to that court for further proceedings not inconsistent with this opinion.

---

[4] As previously noted, the subsequent amendment of the death statute in 1939 will now permit a count for medical expenses, for the benefit of the estate, to be joined with an action under the death statute; but no such provision for joinder is made so far as a claim for property damage is concerned.