PETER A. MARTIN & another vs. BOSTON AND MAINE
RAILROAD.

Essex.     January 9, 10, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Employers' Liability Act — Conscious Suffering —
Instantaneous Death — Due Care — Amendment.*

If a brakeman is thrown from a slowly moving freight train by a jerk of the train,
but by reason of his foot being caught by something on the cars, he is dragged
nearly two hundred feet during which he receives but slight bodily injuries,
and he is then drawn under the cars, which sever his head from his body, his
death is preceded by a period of conscious suffering which cannot be separated
from the instant in which he is killed so as to enable his next of kin to maintain
an action for his instantaneous death under St. 1887, c. 270, § 2.

A brakeman while descending a ladder at the end of the car at the head or rear
end of a freight train, which was being slowly backed by a shifting engine, was
thrown to the ground by a jerk of the train, his foot was caught by something
on the car so that he was dragged some distance, and then, although the stop
signal was given at once and the brakes applied, he was drawn under the cars
and killed. *Held*, in the absence of evidence that he was in the exercise of due
care, that the train was under-manned, that the cars or track were defective or
that those in charge of the train were guilty of negligence, an action could not
be maintained by his next of kin under St. 1887, c. 270, § 2. *Held*, *also*, that,
if an amendment of the action were authorized, the result would be the same
should the action be amended by making his administrator the party plaintiff
under St. 1887, c. 270, § 1.

TORT, under St. 1887, c. 270, §§ 1, 2, as amended by St.
1892, c. 260, to recover damages for the death of Richard L.
Martin, while in the employ of the defendant. The plaintiffs
were the next of kin of the deceased, and were dependent upon
him for support. The plaintiff, Peter A. Martin, was the admin-
istrator of his estate.

At the trial in the Superior Court, before *Lilley*, J., there was
evidence tending to show that the deceased had been employed
by the defendant for about two years before his death as a switch-
man and freight brakeman, and was familiar with the duties of
his employment, and with the manner of operating and moving
freight trains ; that occasionally it was his duty to leave the train
while it was in motion and run ahead of it to throw the switch ;

that on the day of the accident, which occurred on June 19, 1893, he was standing at the head end of a freight train composed of an ordinary shifting engine without an air brake and fifteen or eighteen freight cars, each about thirty feet long, which was backing at the rate of four or five miles an hour on a nearly straight track toward a side track near Blossom Street, in Lynn; that when the head end of the train as it was backing was about two hundred and seventy feet from the switch the deceased descended from the top of the car by a ladder at the end nearest to the switch, and when he was on the last step, within two feet of the ground, the train jerked and threw him quickly, his foot was caught by the car and his body fell suddenly toward the ground, but by the use of his hands and arms, upon which he appeared to walk, the deceased kept his body off the ground for about twenty feet; that then it fell to the ground and was pushed by a brake beam about one hundred and sixty feet, until its progress was stopped by the catching of his clothing on the end of a guard rail, and at that point the wheels of the cars severed his head from his body, but his body received very slight bruises.

The conductor of the train, who, when the accident occurred, was sitting at the head end of the train, testified that his attention was first attracted by a shout from a person in an electric car on Blossom Street, when he at once got off the train and gave the stop signal, after which half a minute elapsed before there was any sign of checking the train.

The brakeman who was at the end of the train nearest to the locomotive testified that the first intimation he had of trouble was when he saw the crossing tender running up the track and giving the stop signal rapidly, and when he heard shouts from persons in the electric car to stop the train; that he at once gave the stop motion to the engineer and jumped for the brake. Upon a quick stop signal the train should have been stopped within one and a half times the length of a car.

There was no claim by the plaintiffs' attorney that there was any jerking of the car other than such as is incident to the ordinary motion of a car when backed by a shifting engine.

At the close of the evidence the judge, at the request of the defendant, ruled that the action could not be maintained, and

directed the jury to return a verdict for the defendant, and the plaintiffs excepted.

The plaintiffs then asked leave so to amend their action that the plaintiff, Peter A. Martin, could sue as the administrator of the estate of Richard L. Martin, but the judge, subject to the exception of the plaintiffs, refused to allow the amendment, and at the request of the parties, reported the case for the determination of this court.

If the ruling were correct upon the pleadings, and if the plaintiffs, were the amendment allowed, would not be entitled to maintain the action upon the evidence reported, the verdict was to stand and judgment to be entered for the defendant.

*W. H. Niles,* for the plaintiffs, contended that during the time in which the deceased, after his fall from the car, was being dragged one hundred and eighty feet on the ground, there was a period of conscious suffering, and that the injuries to the body then received which were slight, gave a right of action to the administrator of the deceased, but that they were not the cause of the death ; that the cause of the death was the severing of the head from the body ; that the death was instantaneous, and was the accident for which this action was brought.

*W. I. Badger,* ( *W. R. Peabody* with him,) for the defendant.

MORTON, J.   The plaintiffs concede that if the death was with conscious suffering, the action, which is brought under the employers' liability act by the next of kin of the deceased who were dependent on him, cannot be maintained.   The accident occupied only a few seconds, and although the second in which the deceased was killed was separated as a point of time from the second in which he fell from the car, the accident was one accident from its beginning to its end, in which the same causes were operating during the brief interval which elapsed between the fall of the deceased and his death.   We do not see how without resorting to what would seem to partake of a metaphysical nicety the second in which the deceased was killed can be separated from the second in which he fell and the seconds which intervened between that and the death so as to say that the death was without conscious suffering.

We are also of opinion that if the plaintiffs were allowed to amend, assuming that they could properly be allowed to do so,

the result would be the same. It does not appear what caused the deceased to fall. There is no presumption that he was or was not in the exercise of due care. For aught that appears the accident may have been due to his own carelessness. Neither do we see any evidence of negligence on the part of the defendant. It is admitted in substance by the plaintiffs that the jerking or jolting of the car when the plaintiffs' intestate fell was incident to the ordinary motion of a car on a train when backed as this was by a shifting engine. The train was being backed slowly, and it does not appear that it was under-manned or that the engine and car or track was defective or that those in charge of the engine and train negligently did anything that they ought not to have done, or omitted to do anything which they ought to have done, after they were warned that something, they did not know what, was wrong.

*Verdict to stand ; judgment for the defendant.*