ANDREW KEAVENY *vs.* MICHAEL MORAN & others.

Suffolk.    January 12, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway.

At the trial of an action for injuries received from being run over by the defendant's horse and wagon, it appeared that the place of the accident was at the intersection of two streets which ran respectively east and west and north and south, and there was evidence tending to show that the plaintiff, having looked in each direction, had started upon the crosswalk across the street running east and west and had reached a point half way across, when, seeing an automobile approaching, he had stopped to let it pass, and then, "before he knew it," he was struck by the defendant's team, which had come from the other street from the direction in which the plaintiff was facing and which, according to various witnesses, was going "quite" or "pretty" fast; and one witness testified that after the plaintiff was run over the defendant's horse "went" for some distance, "was caught, turned around, came back, and then went . . . in the direction in which it was coming prior to turning the corner and striking" the plaintiff. *Held,* that the questions, whether the plaintiff was in the exercise of due care and whether the defendant's horse was being managed with proper care, were for the jury.

TORT for personal injuries received by the plaintiff from being run over by a horse and wagon of the defendants, as he was crossing North Beacon Street in that part of Boston called Brighton at its intersection with Market Street. Writ dated June 21, 1907.

At the trial in the Superior Court before *White,* J., it appeared that Market Street runs easterly and westerly and North Beacon Street northerly and southerly, the two crossing at right angles.

The plaintiff testified in substance that at noon on May 11, 1907, he walked northerly along the westerly side of North Beacon Street, crossed Market Street almost to the northwesterly corner, turned and started to cross North Beacon Street on the crosswalk toward the northeasterly corner, saw an automobile coming toward him from the north and stopped, just before he got to a car track which was on North Beacon Street, to let it pass, and that, after the automobile passed "before he knew it" he was struck by the defendant's team; that he did not see the

team before it struck him. In cross-examination he testified that he looked both ways before crossing the street.

Other witnesses for the plaintiff testified that the defendant's team came westerly down Market Street "quite fast," and "pretty fast," and turned into Market Street, that after the plaintiff was run over the team "went down North Beacon Street, . . . was caught, turned around, came back, and then went down Market Street in the direction in which it was coming prior to turning the corner and striking " the plaintiff.

At the close of the plaintiff's evidence the presiding judge ordered a verdict for the defendants and by agreement of the parties reported the case to this court for determination, judgment to be entered for the defendants if his ruling was right; otherwise, judgment to be entered for the plaintiff for $400.

*J. M. Graham*, for the plaintiff.

*C. M. Pratt*, (*W. H. Hitchcock* with him,) for the defendants.

SHELDON, J. 1. The jury could have found that the plaintiff was in the exercise of due care. He was crossing North Beacon Street upon the proper crosswalk, walking in the usual way, after having looked in each direction. He observed an automobile coming, and stopped to keep out of its way. He was not bound to anticipate that a horse and wagon would come rapidly down Market Street, turn suddenly into the cross street and run against him.

2. There was evidence of the defendant's negligence. It was for the jury to say whether the horse was beyond the control of the driver, when it turned suddenly into North Beacon Street and ràn into the plaintiff. The circumstances were such that the jury could find that the accident would not have happened if the defendant's horse had been managed with proper care.

See as to both these points *Donovan* v. *Bernhard*, *ante*, 181, and cases there cited.

According to the terms of the report, judgment must be entered for the plaintiff for the sum of $400.

*So ordered.*