MARY A. GRAY *vs.* GEORGE L. BATCHELDER.

Norfolk.    January 17, 1911. — April 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence*, In use of highway, In use of automobile.

At the trial of an action against the owner of an automobile for personal injuries caused by the plaintiff being run against by the automobile, there was evidence tending to prove the following facts: The plaintiff had been walking upon a sidewalk, which was upon the left hand side of a highway as she proceeded, when she came to a barrier cutting off the entire sidewalk, and in the street against the sidewalk at that point a two horse dray stood facing her. She therefore turned into the street to go around the dray, as she saw other persons doing, and had reached a point " just beyond the horses' heads " when she heard the horn of the defendant's automobile about sixty feet away, and judged that the automobile would pass her "all right." She stood perfectly still where she was against the front wheel of the dray and the front wheel of the automobile passed her without hitting her, and then the automobile swerved and either the mud guard over the rear wheel or the canopy struck her. The only persons in the automobile were the defendant's wife and his chauffeur, who was running the car, and both of them testified that they did not see the plaintiff and did not know that an accident to the plaintiff had happened until they were told of it afterwards. *Held*, that the questions, whether the plaintiff was in the exercise of due care when injured, and whether the defendant's chauffeur was negligent, were for the jury.

TORT for personal injuries from being run into by the defendant's automobile on Washington Street in Boston, as stated in the opinion.    Writ dated October 5, 1908.

In the Superior Court the case was tried before *Sherman,* J. The facts are stated in the opinion.    At the close of the evidence the defendant asked the judge to order a verdict for the defendant.    The judge refused to do so.    The jury found for the plaintiff in the sum of $1,000 ; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. C. Sawyer*, for the defendant.

*G. A. Healy*, for the plaintiff.

LORING, J.    The jury were warranted in finding that the circumstances of this accident were as follows : As the plaintiff was walking north on the west or left hand sidewalk of Washington Street, she came to a temporary fence blocking off the sidewalk entirely for some distance not stated.    She found a

two horse dray facing south, drawn up against that portion of the sidewalk which was thus blocked off. She started to go around the horses and the dray to reach the sidewalk beyond the blocked off portion as she saw other people doing. When she had reached a point " just beyond the horses' heads " she heard an automobile horn and saw an automobile car (which turned out to be the defendant's), about sixty feet away, coming toward her at a moderate rate of speed. The plaintiff testified that she looked before she stepped from the sidewalk and looked again as she stepped around the horses' heads, and that when she saw the car it seemed to her that it would pass her " all right." When she saw the car she stood perfectly still where she then was, against the front wheel of the dray. After the forward wheel of the car had gone by without hitting her the car swerved out, throwing some portion of the rear of it against her and she was hit by the mud guard over the rear wheel or by the canopy and thus suffered the injuries here complained of. If the jury found these to be the facts they were at least warranted in finding that the plaintiff was in the exercise of due care. It is doubtless true that the plaintiff would have been in a safer place if she had taken a step or two more and placed herself between the forward and rear wheels of the dray. But she testified that it seemed to her that the car would pass her " all right " if she stood still, and apparently it would have done so if it had not swerved out throwing the rear end in. It cannot be said as matter of law that she was not in the exercise of due care in doing as she did.

The only persons in the car were the defendant's wife and his chauffeur, neither of whom saw the plaintiff, and both of whom testified that they never knew of the accident to the plaintiff until told of it after it had occurred. This again at least warranted a finding of negligence.

We have examined all the cases cited by the defendant and find nothing in any of them which requires notice.

*Exceptions overruled.*