MARY LEONARD *vs.* CHARLES F. STEVENS.

Worcester.    December 4, 1912. — January 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DeCOURCY, JJ.

*Agency,* Scope of employment.    *Negligence.*

A man employed to take care of horses and a carriage, one of whose ordinary duties is to drive the horses in transporting the wife or daughters of his employer whenever required by any one of them to do so without further direction of his employer and even without his knowledge in the particular instance, while thus driving the horses attached to the carriage at the request of one of the daughters is acting within the scope of his employment, and his employer is liable to a person who in crossing a street in the exercise of due care is injured by reason of the negligence of such driver while thus driving by direction of the daughter.

TORT for personal injuries from being knocked down and run over by a pair of horses and a carriage of the defendant alleged to have been driven negligently by the defendant's servant when the plaintiff was crossing Front Street in Worcester on December 25, 1908.    Writ dated February 16, 1910.

In the Superior Court the case was heard before *Keating,* J. At the time of the accident the horses were being driven by one Bryant, who is mentioned in the opinion, where the evidence in regard to his duties is described.    It appeared that the carriage had been ordered by the defendant's older daughter who, with a younger sister, was in the carriage at the time of the accident, and that they were being driven to the railroad station to meet a friend who was expected to arrive.    At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. B. Dodge & W. J. Taft,* for the plaintiff.

*C. C. Milton & F. L. Riley,* for the defendant.

HAMMOND, J.    The questions of the due care of the plaintiff and of the negligence of Bryant the driver of the team were for the jury.    See *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199, and cases cited; *Hennessey* v. *Taylor,* 189 Mass. 583, and cases cited.

There was ample evidence that at the time of the accident Bryant was engaged in the business for which he was employed. The carriage and the horses belonged to the defendant. It appeared that Bryant had been in his employ as a hostler for thirteen months and that a part of his duty was to take care of this team and drive it. And the jury might well have found upon the evidence that one of his ordinary duties under the contract of hiring was to take the wife or daughters out to drive whenever respectively required by them, without any further action on the part of the defendant and without even his knowledge in any individual case. Indeed that is the most natural inference. *Smith* v. *Jordan,* 211 Mass. 269. The case is plainly distinguishable from *Bourne* v. *Whitman,* 209 Mass. 155, 172, cited by the defendant.

*Exceptions sustained.*