SAMUEL H. HUGGON *vs.* WHIPPLE AND COMPANY.

Suffolk. January 8, 1913. — February 26, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* In use of highway.

In an action for personal injuries from being knocked down by an electric automobile of the defendant that was transporting United States mail matter through a crowded public street of a city when the plaintiff was attempting to cross the street at a cross walk, in which the evidence was somewhat conflicting and would have warranted a finding either way, it was *held* that the questions whether in deciding to cross the street and in the method of carrying out that decision the plaintiff was in the exercise of due care, whether the driver of the automobile was negligent, and in general whether the accident was attributable to the negligence of either of the parties or of both or neither of them, were questions of fact for the jury.

TORT for personal injuries sustained by the plaintiff on the morning of November 1, 1909, from being knocked down by an electric automobile operated by a servant of the defendant when

the plaintiff was attempting to cross Commercial Street in Boston at a cross walk at its intersection with Clinton Street, on the right hand side of which the plaintiff had been walking. Writ dated April 29, 1910.

In the Superior Court the case was tried before *Wait*, J. It appeared that the defendant had a contract to transport United States mail matter between the post office in Boston and the post offices in East Boston and Chelsea, and that at the time of the accident the defendant's automobile was proceeding with mail matter on one of its regular trips. The plaintiff testified that at some time between half past nine and a quarter before ten o'clock in the morning he was struck and knocked down on the cross walk when he was about two-thirds of the way across Commercial Street; that when he got to Commercial Street there were four lines of teams, two going south and two going north; that he worked his way through the two going south; that there was a break, as he remembered it, in the third row going north; that there was a large loaded dray with a very nice pair of horses; that the tail end of the dray was on the crossing, and he remembered the driver trying to start the horses; that one horse was very frisky and jumped up in the air and finally moved on; that just as that team moved the plaintiff, who was looking straight ahead to get through, "just stepped one step; . . . that this step was taken with his left foot and his right foot was behind him; that the car came up and ran right on to the instep of his right leg and held the foot; that the automobile struck him and knocked him flat on his face on the crossing."

The character of the evidence is described in the opinion. At the close of the evidence the defendant asked the judge to instruct the jury that there was not sufficient evidence to warrant a finding that the plaintiff was in the exercise of due care at the time of the accident and further that there was not sufficient evidence to warrant the jury finding that the defendant was guilty of negligence. The judge refused to give either of these instructions and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*W. C. Cogswell,* (*A. Scott* with him,) for the defendant.

*W. M. Noble,* for the plaintiff, was not called upon.

HAMMOND, J. While the plaintiff was endeavoring to cross Commercial Street in Boston, at the crossing in a line with the southerly sidewalk of Clinton Street, he was struck by an automobile driven by a servant of the defendant and was injured. After a verdict for the plaintiff the case is here upon exceptions to the refusal of the judge to direct a verdict for the defendant.

Both the plaintiff and the defendant were properly upon the highway, and each had the right of travellers thereon. The evidence, as is usual in such cases, was somewhat conflicting, and furnished fair material for an argument in favor of either side. We are of opinion that the questions whether in deciding to cross the street and in the method of carrying out that decision the plaintiff was in the exercise of due care, whether the driver of the automobile was negligent, and generally whether the accident was attributable to the negligence of either, or of both, or of neither of the parties, were questions of fact for the jury. See *Keaveny* v. *Moran,* 208 Mass. 277; *Gray* v. *Batchelder,* 208 Mass. 441; *Magner* v. *Boston Elevated Railway,* 209 Mass. 60, and the cases therein respectively cited.

*Exceptions overruled.*