MAY A. BOOTH *vs.* SYLVESTER W. MEAGHER & another.

Plymouth. March 22, 1916. — June 21, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* In use of highway, In operation of automobile.

At the trial of a suit by a woman sixty-one years of age against one who, while operating an automobile, ran into the plaintiff, there was evidence that the plaintiff was a little deaf, that she had been walking from her home to church on a misty, rainy evening in March on her left hand side of the street because the sidewalk was muddy, that she then had crossed the street diagonally to the right hand side, that she thought there was an automobile about fifty feet from her as she neared that curb, that, perceiving that the sidewalk on that side also was muddy, she continued walking in the street for five or six steps, when she was struck from behind by the automobile, that the automobile had strong headlights and that there was nothing to prevent the defendant from seeing the plaintiff. *Held,* that under the circumstances the plaintiff had a right to walk in the roadway and that the questions, whether the plaintiff was in the exercise of due care and whether the defendant was negligent, were for the jury.

One travelling on foot in the evening on a public way may be found to have been in the exercise of due care when walking in the roadway because the sidewalk was muddy.

BILL IN EQUITY, under R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2, filed in the Superior Court on October 10, 1912, against Sylvester W. Meagher, hereinafter called the principal defendant, and the Independent Die Company, a corporation, in which the plaintiff set forth a claim in tort for damages for personal injuries received in Brockton on March 19, 1911, under the circumstances described in the opinion, also alleged that the principal defendant owned shares of the capital stock of the defendant corporation and that the corporation had in its possession money belonging to the principal defendant; and prayed that the principal defendant might be adjudged liable to her for her injuries, that the amount of her damages might be determined, that judgment therefor might be entered, that an execution might be issued and that the principal defendant's shares of the capital stock of the defendant corporation and the money in its possession

belonging to him, so far as necessary to satisfy the execution, might be turned over to the plaintiff.

No question was raised as to the pleadings.

Issues for a jury were framed and were allowed, and the case was tried before *Irwin,* J. The material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the principal defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. W. Nutter,* for the plaintiff.

*W.'J. Coughlan & D. R. Coughlin,* for the principal defendant.

RUGG, C. J. The plaintiff seeks to recover damages for personal injuries sustained by her while a pedestrian on a public way, through collision with an automobile operated by the principal defendant. The accident happened on a misty, rainy Sunday evening in March. The plaintiff, who was about sixty-one years old and a little deaf, was walking from her home to church. The evidence was conflicting. If that of the defendant be true, to the effect that the plaintiff stepped from the curb of the sidewalk on his right directly in front of the automobile, which, going at a moderate speed, was brought to a stop within six or eight feet, doubtless the plaintiff was negligent and the defendant was in the exercise of due care. But the plaintiff's version of the incident, although somewhat confused, was that she was walking southerly on the left or east side of the street because the sidewalk was muddy; that she crossed diagonally to the west or right side of the street until within about a foot of the curb, when, perceiving that that sidewalk was muddy, she continued walking southerly in the street five or six steps when she was struck from behind, and that she thought there was an automobile about fifty feet away from her as she neared that curb. There was evidence that on the defendant's automobile were strong headlights, which were lighted and in good condition. The defendant testified that if the plaintiff had crossed the street as she said she did, there was nothing to prevent his seeing her.

The plaintiff had a right to walk in the roadway in preference to the sidewalk under the circumstances here disclosed. While she does not appear to have exercised the highest caution in looking for automobiles, she did observe one, and whether her care in respect of it was that of the ordinarily prudent person was for the

jury.  *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199.  *Donovan* v. *Bernhard,* 208 Mass. 181.  *Leonard* v. *Stevens,* 213 Mass. 302.  *Lynch* v. *Fisk Rubber Co.* 209 Mass. 16.

Whether the principal defendant was negligent in not sooner seeing the plaintiff and in not so operating his automobile with reference to the concurrent right of the plaintiff and himself to travel upon the public way as to avoid a collision, was for the jury.  *Ayers* v. *Ratshesky,* 213 Mass. 589, 592.  *Rasmussen* v. *Whipple,* 211 Mass. 546.  *Gray* v. *Batchelder,* 208 Mass. 441.  *Huggon* v. *Whipple & Co.* 214 Mass. 64.  *Griffin* v. *Taxi Service Co.* 217 Mass. 293.

*Exceptions sustained.*