EDITH E. POWERS, administratrix, *vs.* ATHERTON LORING.

Norfolk.   December 4, 1918. — December 31, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* In use of highway, Causing death, Contributory. *·Motor Vehicle. Evidence,* Presumptions and burden of proof.

Where one leading two horses on a much travelled highway at half past six o'clock on a pleasant but dark October evening was walking at the left of the horses and was himself on the right of the middle of the way, carrying no lantern, when he was struck and killed by a motor car approaching from behind and driven at the rate of twenty-five miles an hour, in an action for causing his death it cannot be ruled under St. 1914, c. 553, that he was negligent as matter of law.

In the action mentioned above it was treated as beyond question that there was evidence of negligence on the part of the driver of the car, who was the defendant's servant engaged in the defendant's business.

In an action by an administrator under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's intestate while in the exercise of due care by the negligence of the defendant's servant, the presumption created by St. 1914, c. 553, is commensurate with the degree of care required by law of the intestate in order that the plaintiff may recover damages.

TORT by the administratrix of the estate of Edward L. Powers, late of Cambridge, under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's intestate by running over him with a motor car driven negligently by a servant of the defendant acting within the scope of his authority on Washington Street in Weymouth near its junction with Main Street in that town at about half past six o'clock in the evening of October 12, 1916.. Writ dated November 21, 1916.

The defendant's answer, besides a general denial, contained an allegation that the plaintiff's intestate was not in the exercise of due care.

In the Superior Court the case was tried before *Irwin,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked for certain rulings, among which were the following:

"1. On all the evidence the plaintiff cannot recover against this defendant."

. "8. The presumption raised by St. 1914, c. 553, is not of itself sufficient to prove the due care of the plaintiff's intestate as required under the death statute."

The judge refused to make either of these rulings, but made the second ruling requested by the defendant, which was as follows:

"The plaintiff cannot recover unless Powers, the intestate, was actively and actually in the exercise of due care."

The jury returned a verdict for the plaintiff in the sum of $4,500; and the defendant alleged exceptions.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the defendant, submitted a brief.

*R. T. Healey,* (*A. D. Healey,* of Washington, D. C., *& J. B. O'Brien* with him,) for the plaintiff.

RUGG, C. J. There was testimony tending to show that at half after six o'clock on the evening of Columbus Day, 1916, while leading two horses on the right of the middle of a much travelled highway near the town of Weymouth, the plaintiff's intestate, walking on the left of the horses but still to his right of the middle of the way, was fatally injured by being struck by a motor car approaching from behind and driven in the same direction at the rate of about twenty-six miles an hour by an

agent of the defendant engaged in the business of the latter. The road in general was straight, with a slight bend near the place of the accident. The night was pleasant but dark. The deceased carried no lantern. The action is brought under R. L. c. 171, § 2, as amended by St. 1907, c. 375, to recover damages for causing this death.

It could not have been ruled as matter of law that the deceased was not in the exercise of due care and that the burden of proof of contributory negligence resting on the defendant under St. 1914, c. 553, § 1, had been sustained. Apart from the effect of that statute, there was evidence that the deceased was in the exercise of due care. *Emery* v. *Miller, ante,* 243. It cannot be ruled as matter of law that failure of a pedestrian upon a main highway to carry a lantern after dark, even though leading horses, is want of due care. Manifestly, in view of said c. 553, no such ruling could have been made. *Mercier* v. *Union Street Railway,* 230 Mass. 397. St. 1914, c. 182, relative to lights on vehicles has no pertinency.

It requires no discussion to demonstrate that it might have been found negligent on the part of one driving a motor car at night to overtake and run into a pedestrian travelling so far as appears continuously in a direct path on the right of a road, without veering to one side or the other.

The defendant's request for an instruction, to the effect that said c. 553 was not of itself sufficient to prove the due care required of the intestate under the death statute, was refused rightly under the circumstances here disclosed. Of course the statute is not proof in its technical sense. But it creates a presumption and a burden of proof. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370. The case at bar is plainly distinguishable from *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392. The instruction given respecting the meaning of due care was not incorrect. The presumption created by the statute is commensurate with the degree of care required by the law of the deceased person, in order that there may be recovery. The statute is made applicable by its express terms both to civil and criminal actions for causing the death of a person. The presumption in such case is that the deceased was "in the exercise of due care." It is further provided that "contributory

negligence" on his part shall be an affirmative defence to be pleaded and proved by the defendant. Due care and contributory negligence thus are used as correlative terms in this connection.

The point whether the plaintiff could recover only in the event that the deceased was "actively and actually in the exercise of due care," is not raised on this record.

*Exceptions overruled.*