SAMUEL ALPERT *vs.* JOSEPH B. ELLIS.

Bristol.    October 25, 1920. — October 25, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Motor vehicle, In use of highway. *Practice, Civil,* Ordering verdict.

Where, at the trial of an action for personal injuries received when the plaintiff was run into from behind by a motor car driven by the defendant on a country road, there was evidence that the collision occurred on a moonlit night in February when the plaintiff, unaware of the proximity of the motor car until he was

struck, was walking in a regular course along his right hand side of the highway, which was frozen and free from snow or ice and that the' defendant gave no warning of his approach, the questions, whether the defendant was negligent and whether negligence of the plaintiff contributed to the injury, are for the jury, although the defendant testified .that he did not see the plaintiff because he was blinded by lights of an approaching electric car and because the plaintiff's "clothing was very nearly the same color as the road."

TORT for personal injuries received when the plaintiff was run into from behind by a motor car driven by the defendant. Writ dated April 9, 1919.

In the Superior Court the action was tried before *Sisk,* J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor on the grounds that on all the evidence the defendant was not negligent and that the plaintiff was not in the exercise of due care. The motion was denied. The jury found for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*H. S. Avery,* for the defendant.

*J. H. Leedham, Jr.,* for the plaintiff, was not called upon.

BY THE COURT. This is an action of tort to recover compensation for personal injuries received by the plaintiff at about seven o'clock on a moonlit February night, while a pedestrian upon a highway, by reason of being run down from behind by the driver of an automobile. There was evidence tending to show that the plaintiff was walking in a regular course along the right hand side of a frozen country road free from snow or ice, and was unaware of the proximity of the automobile until he was struck. The defendant gave no warning of his approach. He testified that he did not see the plaintiff because blinded by lights of an approaching electric car and because the plaintiff's "clothing was very nearly the same color as the road." The case rightly was submitted to the jury. *Powers* v. *Loring,* 231 Mass. 458.

*Exceptions overruled.*