ARTHUR J. NADEAU, administrator, *vs.* INHABITANTS OF TAUNTON.

Bristol. October 22, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ

*Damages,* In tort: conscious suffering. *Evidence,* Presumptions and burden of proof.

At the trial of an action by the administrator of the estate of one alleged to have been killed through the negligence of a town in the operation of its municipal lighting plant, the evidence relating to a claim resulting from the conscious suffering of the plaintiff's intestate was as follows: The medical examiner testified to a burn from electricity between the thumb and first finger of the right hand of the decedent, which extended to the bone; that his feet were burned from contact with the wire, and that his body was blackened. The various witnesses testified to hearing the decedent groan and cry out and that he " shook a bit " as he lay on the ground, some witnesses illustrating the sound which they called " groans." The trial judge refused to rule that there was no evidence of conscious suffering and to order a verdict for the defendant. *Held,* that on the record this court could

not say that the " groans " described by the witnesses did not indicate that pain and suffering were present to the consciousness of the dying man, and were felt by him.

TORT, by the administrator of the estate of Alfred Nadeau for causing his conscious suffering and death when he came into contact with a live wire maintained by the municipal lighting plant of the defendant. Writ dated December 24, 1920.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence is described in the opinion. The only exception saved by the defendant was to a refusal by the trial judge to order a verdict for the defendant on the second count of the declaration, which sought recovery for conscious suffering of the plaintiff's intestate. The jury found for the plaintiff in the sum of $10,000 for the causing of the death of the plaintiff's intestate and in the sum of $1,250 for his conscious suffering. The defendant alleged exceptions.

The case was submitted on briefs.

*A. Fuller,* for the defendant.

*H. F. Hathaway & E. A. Hathaway,* for the plaintiff.

DECOURCY, J. The plaintiff's intestate, Alfred Nadeau, was killed at about 5:10 P.M. on December 1, 1920, by coming in contact with a charged wire maintained by the municipal lighting plant of the defendant. Prior to the accident the wire had parted: one end hung suspended from a tree on the easterly side of Bay Street, and the other lay in the gutter, for approximately twenty feet, concealed by water and dead leaves. Nadeau was on his way home from work. It was dark and raining at the time. He crossed Bay Street, carrying an umbrella over his head; stepped upon the broken wire which was concealed in the gutter; the steel shank of his umbrella came in contact with that portion which hung suspended from the pole; and he fell to the ground, with his feet resting in the gutter in contact with the wire.

The only exception is to the judge's denial of the defendant's motion for a directed verdict on the second count, based upon the ground that there was no evidence of conscious suffering on the part of the intestate. It is not

disputed that there was a case for the jury on the issues of his due care and the defendant's negligence. With reference to the question whether Nadeau consciously suffered as the result of coming in contact with the wire, we have the following: The medical examiner testified to a burn from electricity between the thumb and first finger of the right hand which extended to the bone; that his feet were burned from contact with the wire, and his body was blackened. Six eye witnesses heard him " groan; " some of them as many as six times, while he was falling, or after he went down. Another testified " when he fell he cry out and he cries two or three minutes afterwards, and then he stiffened right up," and that he made an outcry or sound for " two or three minutes after he fell on the wire." This same witness illustrated how the body of Nadeau " shook a bit " as he lay on the ground. Some of the witnesses illustrated the " groans," by making the sound " Mum, Mum," " hum, hum," or " Mm, Mm; " but the record does not purport to reproduce the utterances as they were described to the jury by the witnesses. We cannot say that the way in which these " groans " were described to the jury by the witnesses did not indicate that pain and suffering were present to the consciousness of the dying man, and felt by him. The case is a close one on this issue; but in the opinion of a majority of the court there was enough to entitle the plaintiff to go to the jury, even assuming that all the evidence is set out in the record. And it is expressly stated in the exceptions that the judge's charge " explained fully and accurately what was meant by conscious suffering." *Pierce* v. *Cunard Steamship Co.* 153 Mass. 87. *Knight* v. *Overman Wheel Co.* 174 Mass. 455, 463. *Martin* v. *Boston & Maine Railroad,* 175 Mass. 502. *Boutlier* v. *Malden,* 226 Mass. 479, 487. *Battany* v. *Wall,* 232 Mass. 138.

*Exceptions overruled.*