MARY A. HICKS, administratrix, *vs.* H. B. CHURCH TRUCK SERVICE COMPANY.

Suffolk.    January 11, 1927. — April 15, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, Motor vehicle, In use of way. *Evidence,* Competency, Declaration of deceased person. *Practice, Civil,* Exceptions, Ordering verdict.

An exception to a ruling excluding certain testimony at a trial will not be sustained where it appears that the testimony offered, though once excluded, was later introduced through other witnesses or on re-examination of the witness testifying at the time of the exclusion, since no prejudicial error appears.

At the trial of an action of tort by an administrator for causing conscious suffering and the death of the plaintiff's intestate when he was run into by a motor truck driven by an employee of the defendant on a rainy night, the plaintiff offered to show that, while lying injured after the accident in a place to which he had been taken and before he was removed to a hospital, the plaintiff's intestate said repeatedly, in a very

slow and labored way, "I don't see how he came to hit me," and "Why didn't you see me?" the evidence being offered as an exclamation of pain, and as a declaration of a deceased person speaking of his own knowledge and as tending to contradict the defendant's expected evidence that a warning horn had been blown.  The evidence was excluded, and the plaintiff excepted.  *Held,* that

(1)  The evidence was properly excluded as an expression of pain;

(2)  There not appearing any finding by the trial judge that the statement was made of the decedent's own knowledge, in good faith and before action was brought, the exclusion under G. L. c. 233, § 65, was technically proper;

(3)  *It seems* that the judge might have been satisfied that the statement was made of the decedent's own knowledge, in good faith and before action was brought, and in that case the statement would have been admissible under G. L. c. 233, § 65, upon the material issue of the decedent's state of mind, and whether there had been consciousness and suffering after the injury;

(4)  The evidence was not admissible merely to contradict expected testimony of the defendant, hearsay evidence not being rendered competent by having evidentiary value;

(5)  Even if the evidence could properly have been admitted on other grounds, the ruling excluding it was right by reason of the grounds on which it was offered.

Upon a report by a trial judge of the trial above described, it was *held* that no prejudicial error appeared in the exclusion of testimony of an expert in regard to the distance within which the driver of the defendant's truck should have stopped it, since the judge might have decided that the question asked of the expert did not include all the elements properly to be taken into account to render the opinion competent.

At the trial above described, the driver of the defendant's truck testified that it was being driven at the rate of four miles per hour; that the headlights of a machine coming toward it were "kind of dazzling," and that the driver saw the decedent about fifteen or twenty feet ahead of him and then came a glare that blinded him, and that as the light cleared the decedent sidestepped a puddle directly into "my path and I hit him on my right forward mudguard."  There was no sidewalk at the place of the accident.  The judge refused to order a verdict for the plaintiff and ordered a verdict for the defendant.  *Held,* that

(1)  The questions, whether the driver was negligent, and whether negligence of the decedent contributed to the accident, were for the jury;

(2)  It was proper to refuse to order a verdict for the plaintiff;

(3)  It was error to order a verdict for the defendant.

TORT for causing conscious suffering and the death of Charles B. Hicks on Granite Street, in Milton, at about 5 P.M. on November 28, 1921.  Writ dated February 18, 1922.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence and exceptions saved by the plaintiff to

rulings upon the exclusion of certain evidence are stated in the opinion. At the close of the evidence, the plaintiff moved for a verdict in his favor and the defendant moved for a verdict in its favor. The plaintiff's motion was denied. The defendant's motion was granted on the express ground that the plaintiff did not sustain the burden of proving that the driver of the defendant's truck was negligent. The plaintiff alleged exceptions and the judge reported the action to this court for determination.

C. W. Lavers, for the plaintiff.

J. M. Morrison & J. W. Coughlin, for the defendant, submitted a brief.

WAIT, J. The report states all the material evidence and submits for our decision whether certain evidence was excluded properly, and whether there was error in denying the plaintiff's motion for a directed verdict and in ordering a verdict for the defendant.

The plaintiff's intestate was struck from behind by an automobile truck driven by an employee of the defendant in the course of his employment. He died two days later from the consequences of the injury. The issues presented were, whether he suffered consciously; whether by lack of due care he contributed to his injury; and whether the driver of the truck was negligent. The burden of sustaining the first and last issues was on the plaintiff, and of sustaining the second was on the defendant.

The rulings upon evidence in regard to declarations of the deceased are immaterial, because the testimony offered, though once excluded, was later introduced through other witnesses or on reexamination of the witness testifying at the time of the exclusion. No prejudicial error appears, therefore; and the verdict should not be disturbed upon this ground. Hendrick v. Whittemore, 105 Mass. 23, 31. Brown v. Wimpenny, 239 Mass. 278, 282. Bishop v. Burke, 216 Mass. 231, 233.

Yet, as the questions might arise at another trial, we consider them. The plaintiff offered to show that, while lying injured after the accident in a place to which he had been taken and before he was removed to a hospital, the plaintiff's

intestate said repeatedly, in a very slow and labored way, "I don't see how he came to hit me." She contended that the testimony was admissible as an exclamation of pain; as a declaration of a deceased person speaking of his own knowledge; and as tending to contradict the defendant's expected evidence that a warning horn had been blown. It manifestly is not an exclamation of pain. There was no finding by the judge that it was spoken of the decedent's own knowledge, in good faith and before action was brought, G. L. c. 233, § 65, and so it was technically inadmissible as hearsay. *Murphy* v. *Hanright*, 238 Mass. 200, 206. *Horan* v. *Boston Elevated Railway*, 237 Mass. 245. Unless convinced that no such declaration was made, the judge was fully justified in finding good faith, personal knowledge and priority to suit. The declaration thus could have been admitted under the statute. It was not inadmissible because in form a statement of opinion rather than of fact. See *Eldridge* v. *Barton*, 232 Mass. 183.

The intestate's state of mind was material upon the issue of his due care. Moreover, the fact of speaking and the words used were admissible on the issue whether there had been consciousness and suffering after the injury. *Nadeau* v. *Taunton*, 247 Mass. 104, 106. *Battany* v. *Wall*, 232 Mass. 138.

It was not admissible on the third ground stated, because hearsay is not rendered competent testimony by having evidentiary value. The evidence was hearsay; something said out of court, by one not a witness, not under oath, and not subject to cross-examination. The evidence was not offered on the ground that it was entitled to admission upon the issue of conscious suffering. The rulings can be sustained even if, on other grounds, the evidence excluded could properly have been admitted. The same reasoning applies to the ruling excluding the statement "Why didn't you see me?"

No prejudicial error appears in the exclusion of the opinion of the expert, Chamberlain, in regard to the distance within which the driver should have stopped the truck. The judge may have decided that the question did not include all the

elements properly to be taken into account to render the opinion competent.   *Taylor* v. *Creeley*, 257 Mass. 21, 26.

The important questions are, whether the rulings directing and refusing to direct verdicts were proper.

In a trial to a jury, the jurors are the proper arbiters of questions of fact other than the incidental matters of fact involved in the detail of trial.   It is only in rare instances that the judge can assume to decide them, and only when no other decision is legally possible on the evidence.   *O'Neill* v. *Middlesex & Boston Street Railway*, 244 Mass. 510.

The trial judge, like the appellate court, must consider that the jurors can give to contradictory evidence the construction most favorable to the party upon whom the burden of proof rests, and may refuse credit to evidence which he (often with greater experience and impartiality) regards as truthful and conclusive.   It may be his duty both to submit the facts to the jury for their decision and to set aside the decision when given because it is contrary to the evidence and the weight of the evidence.   In the present state of the law, he cannot adopt the shorter process of telling them what they ought to decide; unless, as matter of law, there is only one possible decision.   *Niland* v. *Boston Elevated Railway*, 208 Mass. 476.

In the case before us, the driver of the truck testified in answer to a question from the defendant's counsel: "When I was coming down Granite Avenue with the truck, driving at the rate of about four miles an hour, the headlights of outgoing machines were kind of dazzling and I see Mr. Hicks about fifteen or twenty feet ahead of me, and with them came a glare that blinded me, and as the light cleared up, Mr. Hicks sidestepped a puddle of water directly into my path and I hit him on my right forward mudguard." Whether this was to be believed was for the jury to decide. If they accepted it as true, it left to be decided whether one who knew that only fifteen or twenty feet ahead of him a man was walking along a street, where there was a puddle of water, who might suddenly change his course and might be cut off momentarily from his view by the glare from approaching headlights, was acting as a reasonably prudent and

careful man would do in such circumstances in going ahead without change of speed or direction.   There was no dispute that at the time it was dark and windy, with a drizzling rain. More than one decision was possible to honest and reasonable men, and, therefore, the jury was the tribunal to determine which one.   The judge, however, decided that, giving all the evidence its application most favorable to the plaintiff, it did not sustain the burden of proving the driver negligent.   It was not his province to determine the verdict. There was contradictory evidence to be weighed.   *Alpert* v. *Ellis,* 236 Mass. 404.   *Leonard* v. *Fowle,* 255 Mass. 531. *Booth* v. *Meagher,* 224 Mass. 472.

So, too, with the issue of the due care of the deceased. There was evidence that there were no sidewalks on the street at the place of the accident, so that walking in the street does not make out lack of care.   His declarations justified a finding that he had regarded himself as in a place of safety.   While the question is very close, the case falls within *Booth* v. *Meagher, supra,* rather than cases like *Rizzittelli* v. *Vestine,* 246 Mass. 391, *Driscoll* v. *Boston Elevated Railway,* 233 Mass. 232, *Mills* v. *Powers,* 216 Mass. 36, *Messenger* v. *Dennie,* 141 Mass. 335.

It could not rightfully be said, as matter of law, that there was no evidence to support findings of conscious suffering, due care and negligence; nor, as matter of law, that indisputable evidence required a finding for either party.   Thus refusal to direct a verdict for the plaintiff was right, and the direction of a verdict for the defendant was wrong.

The verdict must be set aside, and the case stand for further proceedings.

*So ordered.*