Robert J. Boyd, administrator, *vs.* Robert H. Mills.

Plymouth.   November 5, 1931. — January 25, 1932.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Negligence,* Motor vehicle, In use of way.

At the trial of an action by an administrator for causing conscious suffering and the death of his intestate, there was evidence that as, in an afternoon, the intestate, driving a horse and wagon west on his right of the center of a highway, and the defendant's automobile, proceeding east on its right of the center of the way, were nearing or opposite to a driveway entering the highway from the south, the horse turned suddenly to its left as if to enter the driveway, the automobile was suddenly swerved to its right to avoid a collision, and the horse and the automobile collided; that the horse ran away; and that the intestate was thrown or fell from the wagon before the collision.  There also was evidence showing the tracks of the vehicles upon the roadway, the driveway and the adjacent land from which different conclusions with reference to the times at which the horse turned and the brakes were applied to the automobile might fairly be drawn and different inferences made in regard to the speed of the automobile; that in the forenoon the intestate had called at the house reached by the driveway and had said that he would call there again in the afternoon.  The judge ordered a verdict for the defendant.  *Held,* that there was no evidence warranting a finding of negligence on the part of the operator of the automobile, and that the verdict was ordered properly.

The mere fact that an automobile was driven at a speed of thirty-five miles an hour upon a straight and level road in approaching a vehicle drawn by a horse, which showed no sign of alarm and was travelling on the opposite side of the center of the way, was not evidence of negligence on the part of the operator of the automobile.

Tort to recover for conscious suffering and the death of Frank W. Peck, the plaintiff's intestate, alleged to have been caused by negligence of the defendant.  Writ dated November 2, 1927.

In the Superior Court, the action was tried before *Donahue,* J.  Material evidence is stated in the opinion.  The judge ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*E. J. Campbell,* for the plaintiff.

*H. F. Hathaway,* for the defendant.

WAIT, J. The single question presented by this report is whether there was error in directing a verdict for the defendant. The plaintiff's intestate died, after conscious suffering, as a consequence of being thrown from a wagon in which he was driving when his horse and the defendant's automobile collided. The uncontradicted testimony of the eyewitnesses was to the effect that as the deceased, driving west on his right of the center of a highway, and the defendant's automobile, proceeding east on its right of the center of the way, were nearing or opposite a driveway entering the highway from the south, the horse turned suddenly to its left as if to enter the driveway, the automobile was suddenly swerved to its right to avoid a collision and the horse and the machine collided. The horse ran away. The wagon and automobile were never in contact; but at the time when they were near each other the deceased fell, or was thrown, from his wagon. Evidence of the tracks of the vehicles upon the roadway, the driveway and the adjacent land was introduced from which fair minded persons might draw different conclusions with reference to the times at which the horse turned and the brakes were applied to the automobile; and make different inferences in regard to the speed of the automobile.

The accident took place in the afternoon. There was evidence that in the forenoon the deceased called at the house reached by the driveway and said he would call there again in the afternoon. Apart from this statement of intention and the possible inferences from the wheel tracks, there was nothing to contradict the evidence of the eyewitnesses that the horse shied suddenly and moved in front of an automobile proceeding at a reasonable rate of speed upon its proper side of the highway, whose driver had no reason to expect such action by the horse and who, at once, on seeing it, applied his brakes and swerved away to avoid a collision. No other travellers complicated the situation. It is not necessary to state the evidence in detail.

We find no error. Assuming that due care on the part of the deceased could be found, we think there is no

evidence of negligence on the part of the driver of the automobile. A speed even of thirty-five miles an hour upon a straight and level road in approaching a vehicle drawn by a horse, which shows no sign of alarm, travelling on the opposite side of the center of the way, is not negligent. Nothing appears to show defects in the machine or inattention on the part of those riding in it. Only by merest speculation could carelessness be found. There is only one conclusion on the evidence legally possible. See *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 275. In accord with the stipulation the order will be

*Judgment on the verdict.*