ALBERT J. CARNEY, administrator, *vs.* JOHN H. CASEY.

SAME *vs.* J. J. CRIMMINGS COMPANY.

JOHN T. CARNEY *vs.* JOHN H. CASEY.

SAME *vs.* J. J. CRIMMINGS COMPANY.

Norfolk.     December 5, 1938. — December 30, 1938.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Motor vehicle, In use of way.

Evidence respecting a collision of an automobile of the plaintiff zigzagging from one side of the road to the other with the defendant's automobile at its extreme right side of the road would not have warranted a finding that the defendant was negligent.

FOUR ACTIONS OF TORT. Writs in the Superior Court, the first two dated September 27, 1934, and the last two dated June 13, 1935.

The first and third actions were against the operator of an automobile, owned by the defendant in the second and fourth actions, which collided with an automobile owned by the plaintiff in the third and fourth actions and operated by James E. Carney, intestate of the plaintiff in the first and second actions, as a result of which James E. Carney died.

A verdict was ordered for the defendant in each action by *Donahue*, J. The plaintiffs alleged exceptions.

*W. A. Murray*, for the plaintiffs.

*E. R. Langenbach*, for the defendants.

RONAN, J. A collision between two automobiles occurred about two-thirty o'clock on a rainy afternoon in June, 1934, upon a straight stretch of a macadam highway,

twenty-two feet in width and having gravel shoulders on each side of the macadam. The defendant Casey (hereinafter referred to as the defendant), who was the only eye witness to the accident, testified that he was driving northerly on the easterly side of the highway when he saw an automobile, operated by the decedent, approaching from the north and proceeding from one side of the road to the other; that the defendant stopped his automobile with its right wheels over the shoulder on the easterly side of the road; and that the decedent drove the rear left of his automobile against the forward left wheel of the defendant's automobile. Photographs of the two vehicles were introduced in evidence, together with testimony concerning three marks on the highway. There is nothing in the defendant's testimony (even if an expert would testify that the damage indicated that his vehicle was moving at the time of the accident), in the photographs or in the location of the marks, whether considered separately or together, that would warrant a jury in finding that the accident was caused by the negligence of the defendant. The judge was right in directing verdicts for the defendants. *Jabbour* v. *Central Construction Co.* 238 Mass. 453. *Nager* v. *Reid*, 240 Mass. 211. *Boyd* v. *Mills*, 278 Mass. 132.

*Exceptions overruled.*